NATIONAL PETROLEUM AND REFINING COMPANY, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45600.    Promulgated June 28, 1933.

*Harry C. Weeks, Esq.*, for the petitioner.
*Frank B. Schlosser, Esq.*, for the respondent.

OPINION.

Lansdon: The petitioner contends (1) that the receipts of its well prior to 1924, impounded by a receiver appointed by the Supreme Court and received by it on order of such Court in 1924, should not be regarded as taxable income in that year; and (2) that for the years prior to 1924 depletion allowances should be computed under the Revenue Act of 1921.

Since the petitioner has not proved and does not argue that all its property was in the hands of the Federal receiver, we think the proceeding here is completely controlled by the decision of the Supreme Court in *North American Oil Co., Consolidated* v. *Burnet*, 286 U.S. 417. Cf. *Trojan Oil Co.*, 26 B.T.A. 659. On this point the determination of the respondent is affirmed.

In support of its second point, petitioner argues that inasmuch as the actual production of oil from its property was for the most part in years in which the Revenue Act of 1921 was effective, allowable

depletion should be computed in conformity with the provisions of that act. We are unable to agree with this contention. Allowances for depletion represent the return of capital cost free from tax and are applicable to years in which income is derived from the property. As we have decided above that all the income in question was received in the taxable year, we think it is clear that deduction for depletion allowances must be taken under the Revenue Act of 1924, which was in effect when the income in question was realized.

Reviewed by the Board.

*Decision will be entered for the respondent.*