*618 OPINION.
Lansdon:
The redetermination of the deficiencies in question requires us to ascertain (1) the gross income which the Crews heirs realized from their oil and gas property in 1930, as the basis for the depletion allowance now claimed; (2) the net income of each petitioner in 1930, computed without allowance for depletion; and (3) the net taxable income of each' petitioner after the deduction of allowable depletion, if any.
On the facts it is clear that no accounting for tax purposes of any of the income here involved was possible prior to October 20, 1930. The rights of the Crews heirs to the proceeds of their own operations prior to that date and their share of the proceeds of operations of the Sinclair Oil Co. for the same period were being litigated in the courts and final settlement was made by compromise on that date. Under the terms of the settlement the heirs in the taxable year received $355,000 as their share of the proceeds from the operations of the Sinclair Oil Co. and became entitled to receive the balance in the escrow account. It was in that year that it first became possible to account for the income involved for Federal tax purposes. National Petroleum & Refining Co., 28 B.T.A. 569; North America Oil Consolidates v. Burnet, 286 U.S. 417. Since there was no liability for tax until the date of the settlement which released the impounded funds, it follows, of course, that all deductions in connection with the taxability of the income involved are allowable in the year of the release of the impounded funds. If the petitioners are entitled to any allowance, for depletion, the deduction therefor must be made in 1930 and in conformity with statutory provisions then effective. National Petroleum & Refining Co., supra.
The petitioners claim an allowance for depletion in the taxable year as authorized by section 114 (b) (3) of the Revenue Act of 1928.[1] They contend that the gross income from their oil and gas property of the Crews heirs in that year was $1,817,504.02, that upon that amount as the basis the heirs are entitled to a deduction of 27% percent for depletion not in excess of 50 percent of their net income, and that each of them is, therefore, entitled to one sixth of such allowance in computing his taxable income.
*619 There is no dispute over the amount of the production or the gross receipts realized from the sale thereof. The oil property of the Crews heirs was depleted by the removal of oil and gas that was sold for $1,817,504.02. This the respondent does not deny, but he has determined that the gross income from the property was not the amount for which the oil and gas was sold, but that amóunt reduced by the loss sustained by the petitioner through the failure of the escrow agent to pay over the balance of the impounded funds on demand in 1930. His position is that as the Crews heirs never received the amount lost through failure to recover from the escrow agent, such amount cannot be included in the computation of the gross income received from the property. In our opinion there is no merit in this contention. The Farmers State Bank received the proceeds of the sale of oil and gas produced from the property in question as the agent of the rightful owners. We are of the opinion that $1,817,504.02 is the correct basis for computing the depletion in question.
In computing allowable depletion under section 114 (b) (3) of the Revenue Act of 1928 all the limitations specified therein must be observed. The maximum amount of depletion that may be allowed on the facts herein is $499,813, or $83,302.16 for each of the six heirs, but the amount allowable is limited to 50 percent of the taxpayer’s net income, computed without regard to depletion. We have found that the net income of each of the petitioners in 1930 so computed was $54,805.24. It follows, therefore, that the deduction to which each is entitled is limited to 50 percent of such amount, or $27,402.62. The taxable income of each of the petitioners from the “Crews Estate Oil and Gas Producers ” in 1930 was $27,402.62. .

Decision will be entered v/nder Rule 50.

 SBC. 114. (b) (3) PBItCENTAGB DEPLETION FOR OIL AND GAS WELLS.-Id tbe case Of oil and gas wells tbe allowance for depletion shall be 27% per centum oí the gross Income from tbe property during tbe taxable year. Such allowance shall not exceed 50 per centum of the net income of tbe taxpayer (computed without allowance for depletion) from tbe property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.