RICHARD M. CADWALADER, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71800. Promulgated August 8, 1935.

*James P. Smith, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

# 1158

MATTHEWS: The respondent determined a deficiency in petitioner's income tax for 1930 in the amount of $19,709.41. The petitioner has acquiesced in all changes made by the respondent except the addition to income of $142,707.88 on account of executrix's commissions received by the petitioner's wife from the estate of Charles G. Roebling, which amount the respondent has determined to be taxable income for 1930.

In an amendment to the answer filed by the respondent a plea of estoppel was set out, it being alleged that, after the respondent had made a tentative determination that the sum of $142,707.88 was income taxable to Emily R. Cadwalader in 1925, it was represented to the respondent that this sum of money was only a loan or advancement to her in the year 1925 and had not been received by her as income in that year; that the respondent had acted upon those representations and had reversed his tentative determination with respect to that item so that it was not included in the taxpayer's income for 1925; that no additional assessment for 1925 may now be made with respect to this item because of the running of the statute of limitations; and that the petitioner herein should not be heard to say that the executrix's commissions in the sum of $142,707.88 were taxable income to Emily R. Cadwalader in 1925, as that would amount to a reversal of the position previously taken by the petitioner's wife with respect to this item and would result in material damage to the United States.

The parties entered into a stipulation of facts and attached thereto as exhibits certain documents, all of which were received in evidence. The attorney who represented the executrices of the estate of Charles G. Roebling gave oral-testimony with respect to the payment of the executrices' commissions and the circumstances under which an adjustment was made of the income tax liability of the petitioner's wife for the year 1925.

The petitioner and his wife, Emily R. Cadwalader, filed a joint income tax return for 1930, which was made upon the basis of cash receipts and disbursements. Petitioner's wife and her sister, Helen R. Tyson, were executrices of the estate of their father, Charles G. Roebling, who died testate in 1918 leaving an estate amounting to more than $11,000,000. The final account filed by the executrices was allowed as reported, by the judge of the Orphans' Court of Mercer County, New Jersey, under date of June 6, 1930, and thereunder the sum of $422,144.19 was determined to be the entire amount payable to the executrices as commissions and compensation for services. Emily R. Cadwalader was entitled to one half of this sum, or $211,072.10, and having already

received payment in the amount of $142,707.88, there was paid to her the balance, or $68,364.22, which latter amount was duly reported as income on the joint return for 1930 filed by her and her husband, the petitioner herein. The respondent has added to income for 1930 the sum of $142,707.88, being one half of $285,415.76, which amount was estimated in 1925 to be the amount to which the executrices were entitled as commissions and compensation for services. This sum of $285,415.76 was borrowed by the estate from Emily R. Cadwalader and Helen R. Tyson in order to enable the estate to pay the estimated commissions and to take a deduction therefor in computing the net estate subject to the Federal estate tax. Notes were executed by the estate in favor of Emily R. Cadwalader and Helen R. Tyson to cover this loan, which notes were paid in full, with interest, in 1930. The estimated commissions were paid by two checks of the estate, dated February 16, 1925, issued to and endorsed by the two executrices, in the amount of $142,707.88 each. No tax has ever been paid by Emily R. Cadwalader on the commissions received in the amount of $142,707.88.

The circumstances under which Emily R. Cadwalader and the other executrix were paid commissions of $142,707.88 each, in 1925, the treatment of the amount received by Emily R. Cadwalader in her income tax return for 1925, and the treatment of the amount by respondent upon audit of her return for that year are as follows: On February 21, 1925, there was filed a claim for abatement of Federal estate tax assessed against the estate of Charles G. Roebling in the sum of $75,728.94, which claim stated that this assessment of additional tax was made because the estate had not paid out to the executrices their commissions amounting to $285,-415.76, which amount had been deducted in computing the net estate. There was attached to the claim an affidavit executed by the attorney for the executrices in which it was stated that each of the two executrices had received a check for $142,707.88 in full payment of the commissions due each of them. Upon the showing that the commissions had been duly paid to the executrices the assessment of the additional Federal estate tax was abated.

Emily R. Cadwalader filed a separate income tax return for 1925, which was made upon the basis of cash receipts and disbursements, and did not include in the income reported this sum of $142,707.88. There was attached to her return a memorandum, as follows:

There was received during 1925, $142,707.88 by way of advance for commissions as executrix of the estate of Charles G. Roebling, deceased, 115 Broadway, New York City, which is not reported as income as the court has not yet allowed same and as the Solicitor of Internal Revenue reported in Cumulative Internal Revenue Bulletin IV-1, January–June 1925, page 125, S. M. 1929, advised that such a commission is not income until it has been allowed by the court.

In a revenue agent's report dated August 22, 1927, addressed to the revenue agent in charge at Philadelphia, it was recommended that an additional tax of $34,825.10 should be assessed against Emily R. Cadwalader for 1925 for the following reason:

In accordance with the ruling of the Solicitor of Internal Revenue, CB IV-1 page 125, S. M. 1929, the income received during 1925 as commission as executrix of the estate of Chas. G. Roebling, deceased, 115 Broadway, New York, has not been reported on the 1925 return since the commissions had not been allowed by the court during 1925.

The taxpayer stated that the commissions have not yet been reported or a tax paid thereon in any return filed since receipt of the money, therefore they are being included in 1925, the year in which received.

It is believed that the Solicitor's memo #1929 is for the special case cited and has no bearing on this case, therefore the $142,707.88 commission has been included in this report as income in 1925.

A copy of this report was transmitted to the taxpayer by letter from the revenue agent in charge, dated October 15, 1927. A protest against the assessment of this proposed additional tax for 1925, signed by Emily R. Cadwalader, was filed with the internal revenue agent in charge on November 10, 1927, which protest reads in part as follows:

On February 16, 1925 the executors executed for the Estate of Charles G. Roebling a note to the taxpayer in the sum of $142,707.88, which sum represents the estimated commissions due the taxpayer as executor. The taxpayer in making out her income tax return for the year 1925 attached thereto a statement which reported the above transaction and relied on the fact that the Court which has jurisdiction over the administration of this estate has not yet allowed the commissions and as the Solicitor of Internal Revenue reported in Cumulative Revenue Bulletin IV-1, January-June 1925, page 125, S. M. 1929, that such a commission is not income until it has been allowed by the Court.

The taxpayer protests against the action of the Revenue Agent in including as taxable income to her for the taxable year 1925 said sum of $142,707.88 upon the ground that this sum was not received by her during the said year. The said taxpayer keeps her accounts and makes her income tax returns upon a cash receipt and disbursement basis.

The taxpayer relies on the above mentioned opinion of the Solicitor and therefore maintains that for the purposes of the income tax the receipt by her of the note representing estimated commissions due her is not income to her in the year 1925.

The taxpayer requests that a hearing be granted to determine the subject of which this protest is made.

A conference was held in the office of the revenue agent in charge at Philadelphia on December 5, 1927, at which the taxpayer was represented by her lawyer, who held power of attorney to represent her. Under date of December 14, 1927, her attorney was requested to submit an affidavit from the taxpayer regarding the executrix's commissions and on December 17, 1927, there was ac-

cordingly filed with the revenue agent in charge at Philadelphia an affidavit in support of the protest, which was signed by Herbert Noble, one of the taxpayer's attorneys who had represented the executrices at the time the estate tax matter was pending, and which reads in part as follows:

On or about February 16, 1925, the Executors, being desirous to pay to themselves the estimated amount of the commissions then due, caused a check to be drawn to the said Emily R. Cadwalader in the sum of One Hundred Forty-two Thousand Seven Hundred Seven and 88/100 Dollars ($142,-707.88), that being the amount of the estimated commissions then due her. There not being sufficient funds at that time in the bank account of the Executors to pay such commissions, Mrs. Emily R. Cadwalader advanced to the Executors by making deposit to the account of the Executors in the same sum of One Hundred Forty-two Thousand Seven Hundred Seven and 88/100 Dollars ($142,707.88), taking therefor the Executors' note for the same amount.

The said note is due and still remains unpaid to Mrs. Cadwalader and no part of the said amount of One Hundred Forty-two Thousand Seven Hundred Seven and 88/100 Dollars ($142,707.88) represented by it has been paid. The Estate is still in the process of administration and there has been no final accounting or any allowance by the Court having jurisdiction over the administration of this Estate of any Executors' commissions.

I therefore advised Mrs. Cadwalader that, pursuant to a decision by the Solicitor of Internal Revenue and reported in Cumulative Internal Revenue Bulletin IV-1 January-June 1925, page 125, S. M. 1929, estimated commissions advanced to an executor prior to their allowance by the Court should be included in the year in which allowed by the Court.

Thereafter, on December 19, 1927, the revenue agent in charge advised the taxpayer's attorney that, as a result of the protest and the conference held thereon, a supplemental report had been made of the income tax liability of Emily R. Cadwalader in which the contention of the taxpayer had been upheld with respect to the taxability of commissions of $142,707.88 in the year 1925. On the same date the revenue agent in charge forwarded to the Bureau in Washington the report on the income tax liability of Emily R. Cadwalader for the years 1924, 1925, and 1926. Upon review by the Income Tax Unit the report of the revenue agent in charge at Philadelphia was approved so far as it related to the tax liability for 1925, with the exception that an adjustment was made in the capital loss reported. A notice of deficiency dated May 17, 1928, was forwarded to the taxpayer, advising her that a review of her return for 1925 had been made in connection with the report and as a result of the adjustment of the capital loss a deficiency of $250 for 1925 had been determined. The taxpayer having filed a waiver of her right to file a petition with the United States Board of Tax Appeals, this deficiency of $250 was duly assessed and her return for 1925 was closed on that basis.

Respondent contends that, relying on statements made in the taxpayer's protest that " this sum was not received by her during the said year ", and in the affidavit submitted by taxpayer's attorney to the effect that the sum " should be included in the year in which allowed by the court ", the proposed deficiency for 1925 was abandoned, and urges that under the circumstances the petitioner is now estopped from denying that the amount is income in 1930, the year in which it was allowed by the court.

Petitioner argues that the amount received by Mrs. Cadwalader as executrix's commissions in 1925 was legally taxable as income in 1925 and not as income of any subsequent year; that the amount can not be taxed in 1930, whether or not the statute of limitations has run with respect to 1925; and that the principle of estoppel is not applicable in this case.

We are of the opinion that the petitioner herein is not estopped to claim that the income in question was properly taxable in 1925, under the circumstances which have been outlined above. It is clear that the estimated commissions were actually paid to the executrices in 1925 and, therefore, were taxable in the year they were received rather than in 1930, when the court allowed the final account filed by the executrices. *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417, affirming 50 Fed. (2d) 752; *Board* v. *Commissioner*, 51 Fed. (2d) 73; certiorari denied, 284 U. S. 658. The respondent points out that if the petitioner is permitted to show that his wife's share of the estimated commissions should have been included in her taxable income for 1925, for which year assessment of a deficiency is barred, income in the amount of $142,707.88 escapes income tax. But the taxpayer's failure to include the amount received in her income for 1925 appears to have resulted from a mistake of law and there was no false representation of fact or wrongful misleading silence on the part of the taxpayer which may be taken as the basis for the application of the doctrine of estoppel. *United States* v. *Scott & Sons, Inc.*, 69 Fed. (2d) 728; *United States Trust Co. of New York*, 13 B. T. A. 1074; *Tide Water Oil Co.*, 29 B. T. A. 1208; *A. M. Johnson*, 32 B. T. A. 156.

When she filed her income tax return for 1925 Emily R. Cadwalader gave notice that she had received during the taxable year the sum of $142,707.88 for commissions as executrix but did not include this amount in her reported income for the stated reason that " such a commission is not income until it has been allowed by the court ", citing S. M. 1929, C. B. IV-1, p. 125. When this return was audited the transaction whereby she received the commissions, and all details involved therein, were made known to the Commissioner of

Internal Revenue, as well as the fact that she had not reported any income on account thereof. Her income tax liability for 1925 was considered by the revenue agent who made the field examination and who recommended that the commissions should be included in income for 1925, the year in which received; by the revenue agent in charge at Philadelphia who granted a hearing to her attorney, after the taxpayer had filed a protest against the assessment of the proposed additional tax for 1925, and who forwarded a supplemental report in which the taxpayer's contention was upheld with respect to the taxability of this item; and by the auditor in the Income Tax Unit in Washington who reviewed the supplemental report and approved it so far as it related to the commissions received by the taxpayer in 1925. A deficiency of $250 was determined against Emily R. Cadwalader for 1925 as a result of an adjustment in the capital loss reported and her return for 1925 was closed on that basis.

The evidence does not support the respondent's contention that the proposed deficiency against Emily R. Cadwalader for 1925 was abandoned because he relied on the statements in the protest that the sum was not received by her during the year 1925, and in the affidavit of her attorney to the effect that the sum should be included in the year in which allowed by the court. There is nothing in the entire record to indicate that the respondent was ignorant of the true facts or that any facts were withheld by the taxpayer which could have any bearing on the issue presented herein. Certainly it can not be said that the taxpayer made a false representation of fact upon which the respondent relied. Estoppel is an affirmative defense and the burden is upon the party asserting it to establish both the facts relied on to support it and the necessity in fairness for its application. *Helvering* v. *Brooklyn City R. R. Co.*, 72 Fed. (2d) 274. As this Board has held, in *Sugar Creek Coal & Mining Co.*, 31 B. T. A. 344: " Estoppel does not support a belated assessment merely because the taxpayer has omitted the income from his earlier returns and the statute of limitations has barred the correct assessment." See also *Jamieson* v. *United States*, 10 Fed. Supp. 321, where the District Court for the District of Massachusetts held that the elements of estoppel were not present because the failure to return and pay a tax was due to a mistake of law rather than of fact. The court said:

The cases cited by the government in support of the doctrine of equitable estoppel deal with controversies between the taxpayer and the Commissioner where the taxpayer has assented, or agreed, to some act of the Commissioner. These cases are not in point. No case has been brought to my attention which held that the failure of a taxpayer to return, and the failure of the government to collect, a tax for any taxable period entitled the government to add the income received in the earlier year to that received in the subsequent years.

A similar conclusion was reached by the Circuit Court of Appeals for the Second Circuit in *Salvage* v. *Commissioner*, 76 Fed. (2d) 112; certiorari applied for June 25, 1935.

Upon the authority of these decisions we hold that it was due to a mutual mistake of law that the respondent did not assess against Emily R. Cadwalader a deficiency in income tax for 1925 growing out of the payment to her of executrix's commissions in that year, and that no act was committed which should militate against the petitioner in the instant case. It follows that the commissions in the sum of $142,707.88 should not be included in the petitioner's income for 1930.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

• ARUNDELL, dissenting: In every practical sense the petitioner's wife received the executrix's commission of $142,707.88 in 1930 and should pay a tax thereon in that year as contended for by the Commissioner. Petitioners were on a cash receipts and disbursements basis. The facts are simple. Emily R. Cadwalader and her sister were executrices of the estate of Charles G. Roebling, their father. The holding of the Bureau of Internal Revenue at that time required that executrices' commissions must be paid before a deduction might be had for estate tax purposes. The estate was without ready cash to make the payments. Mrs. Cadwalader and her sister, therefore, advanced the money to themselves as executrices and issued a note to each covering the so-called loan. They immediately took back the money, together with the note. In 1927 this transaction was examined by a revenue agent, who recommended that the executrix's commission be included in income for the year 1925. Mrs. Cadwalader protested this suggestion on the ground that she in fact had received no income from the estate. The Commissioner accepted her plea and the item was eliminated from taxable income and no tax paid. I believe that this action was correct for she had in effect simply received a note for her claimed commission and the whole matter was one of accommodation in order that the Roebling estate might secure a deduction for tax purposes. When in fact the commission of $142,-707.88 was allowed by the court and paid in 1930, instead of reporting this sum as income, Mrs. Cadwalader urged that she should have been taxed on it in 1925. As 1930 was the year in which she in fact received the cash commission from the Roebling estate, that is the year in which the income was received and the tax upon its receipt due. The Commissioner should prevail.

SMITH and SEAWELL agree with this dissent.