## SCHRAMM v. UNITED STATES.

### No. 44433.

Court of Claims.

March 3, 1941.

**1022**

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and BOOTH and GREEN, Judges.

PER CURIAM.

■ The sole question presented to the court for determination is whether profit derived by the plaintiff during the year 1929 as a liquidating dividend was properly included in his gross income for that year in its entirety, notwithstanding the fact that he was obliged to return a portion thereof to the corporation during the year 1931 to satisfy an additional assessment by the Commissioner for the year 1928. The findings show that the amount of the liquidating dividend distributed to the plaintiff in 1929 was received by him without restriction or limitation on its use or disposition. It was acquired under a claim of right and without knowledge of any infirmity of title. As this situation existed at the close of the year 1929, the amount of profit in the liquidating dividend constituted income for that year.

The fact that plaintiff during the year 1931 was obliged to restore to the corporation a portion of the amount received by him in 1929 to satisfy in part an additional assessment by the Commissioner of Internal Revenue for the year 1928 does not alter the amount of plaintiff's gross income for the year 1929 but may afford a basis for a deduction from gross income in 1931.

■ In North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197, the Supreme Court said: "If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent [citing other authorities]."

The rule laid down above has been followed in other cases and repeated by the Supreme Court in Heiner v. Mellon, 304 U.S. 271, 58 S.Ct. 926, 82 L.Ed. 1337.

Plaintiff's petition must be dismissed and it is so ordered.

B. Bayard Strell, of Newark, N. J., for plaintiff.