NORTH AMERICAN OIL CONSOLIDATED *v.* BURNET, COMMISSIONER OF INTERNAL REVENUE.

No. 575. Argued April 20, 21, 1932.—Decided May 23, 1932.

418

Mr. Herbert W. Clark for petitioner.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher, Miss Helen R. Carloss,* and *Messrs. Whitney North Seymour* and *Sewall Key* were on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The question for decision is whether the sum of $171,-979.22 received by the North American Oil Consolidated in 1917, was taxable to it as income of that year.

The money was paid to the company under the following circumstances. Among many properties operated by it in 1916 was a section of oil land, the legal title to which stood in the name of the United States. Prior to that year, the Government, claiming also the beneficial

ownership, had instituted a suit to oust the company from possession; and on February 2, 1916, it secured the appointment of a receiver to operate the property, or supervise its operations, and to hold the net income thereof. The money paid to the company in 1917 represented the net profits which had been earned from that property in 1916 during the receivership. The money was paid to the receiver as earned. After entry by the District Court in 1917 of the final decree dismissing the bill, the money was paid, in that year, by the receiver to the company. *United States* v. *North American Oil Consolidated*, 242 Fed. 723. The Government took an appeal (without supersedeas) to the Circuit Court of Appeals. In 1920, that Court affirmed the decree. 264 Fed. 336. In 1922, a further appeal to this Court was dismissed by stipulation. 258 U. S. 633.

The income earned from the property in 1916 had been entered on the books of the company as its income. It had not been included in its original return of income for 1916; but it was included in an amended return for that year which was filed in 1918. Upon auditing the company's income and profits tax returns for 1917, the Commissioner of Internal Revenue determined a deficiency based on other items. The company appealed to the Board of Tax Appeals. There, in 1927 the Commissioner prayed that the deficiency already claimed should be increased so as to include a tax on the amount paid by the receiver to the company in 1917. The Board held that the profits were taxable to the receiver as income of 1916; and hence made no finding whether the company's accounts were kept on the cash receipts and disbursements basis or on the accrual basis. 12 B. T. A. 68. The Circuit Court of Appeals held that the profits were taxable to the company as income of 1917, regardless of whether the company's returns were made on the cash or on the

accrual basis. 50 F. (2d) 752. This Court granted a writ of certiorari. 284 U. S. 614.

It is conceded that the net profits earned by the property during the receivership constituted income. The company contends that they should have been reported by the receiver for taxation in 1916; that if not returnable by him, they should have been returned by the company for 1916, because they constitute income of the company accrued in that year; and that if not taxable as income of the company for 1916, they were taxable to it as income for 1922, since the litigation was not finally terminated in its favor until 1922.

*First.* The income earned in 1916 and impounded by the receiver in that year was not taxable to him, because he was the receiver of only a part of the properties operated by the company. Under § 13 (c) of the Revenue Act of 1916,[1] receivers who " are operating the property or business of corporations " were obliged to make returns " of net income as and for such corporations," and " any income tax due " was to be " assessed and collected in the same manner as if assessed directly against the organization of whose business or properties they have custody and control." The phraseology of this section was adopted without change in the Revenue Act of 1918, 40 Stat. 1057, 1081, c. 18, § 239. The regulations of the Treasury Department have consistently construed

[1]Act of September 8, 1916, 39 Stat. 756, 771, c. 463: " In cases wherein receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations . . . , subject to tax imposed by this title, such receivers, trustees, or assignees shall make returns of net income as and for such corporations . . . , in the same manner and form as such organizations are hereinbefore required to make returns, and any income tax due on the basis of such returns made by receivers, trustees, or assignees shall be assessed and collected in the same manner as if assessed directly against the organizations of whose business or properties they have custody and control."

these statutes as applying only to receivers in charge of the entire property or business of a corporation; and in all other cases have required the corporations themselves to report their income. Treas. Regs. 33, arts. 26, 209; Treas. Regs. 45, arts. 424, 622. That construction is clearly correct. The language of the section contemplates a substitution of the receiver for the corporation; and there can be such substitution only when the receiver is in complete control of the properties and business of the corporation. Moreover, there is no provision for the consolidation of the return of a receiver of part of a corporation's property or business with the return of the corporation itself. It may not be assumed that Congress intended to require the filing of two separate returns for the same year, each covering only a part of the corporate income, without making provision for consolidation so that the tax could be based upon the income as a whole.

*Second.* The net profits were not taxable to the company as income of 1916. For the company was not required in 1916 to report as income an amount which it might never receive. See *Burnet* v. *Logan,* 283 U. S. 404, 413. Compare *Lucas* v. *American Code Co.,* 280 U. S. 445, 452; *Burnet* v. *Sanford & Brooks Co.,* 282 U. S. 359, 363. There was no constructive receipt of the profits by the company in that year, because at no time during the year was there a right in the company to demand that the receiver pay over the money. Throughout 1916 it was uncertain who would be declared entitled to the profits. It was not until 1917, when the District Court entered a final decree vacating the receivership and dismissing the bill, that the company became entitled to receive the money. Nor is it material, for the purposes of this case, whether the company's return was filed on the cash receipts and disbursements basis, or on the accrual basis. In neither event was it taxable in 1916 on

424

account of income which it had not yet received and which it might never receive.

*Third.* The net profits earned by the property in 1916 were not income of the year 1922—the year in which the litigation with the Government was finally terminated. They became income of the company in 1917, when it first became entitled to them and when it actually received them. If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent. See *Board* v. *Commissioner,* 51 F. (2d) 73, 75, 76. Compare *United States* v. *S. S. White Dental Mfg. Co.,* 274 U. S. 398, 403. If in 1922 the Government had prevailed, and the company had been obliged to refund the profits received in 1917, it would have been entitled to a deduction from the profits of 1922, not from those of any earlier year. Compare *Lucas* v. *American Code Co., supra.*

*Affirmed.*