## THOMAS v. UNITED STATES.
### No. M–141.

Court of Claims.
March 7, 1938.

J. Nelson Anderson and Stanley Worth, both of Washington, D. C., for plaintiff.

John W. Hussey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Fred K. Dyar, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, JJ.

LITTLETON, Judge.

Except as to a small difference between the amount taxed to plaintiff on account of the rebates paid by the Continental Can Company and received by plaintiff and the amounts credited to his personal account on the books of the Thomas Canning Company and received by him during the years 1918 and 1919, the question is whether the rebates paid by the Continental Can Company and credited to and received by plaintiff in the years 1918 and 1919, in the respective amounts of $20,819.-36 and $2,622.97, constituted taxable income to him.

From the facts it appears that plaintiff, who was the president and the treasurer of the Thomas Canning Company, a corporation, and owned all its capital stock, negotiated and made certain contracts with the Continental Can Company for the purchase by the Thomas Canning Company of its entire requirements for cans, the first contract covering the period from March 1, 1915, to March 1, 1918, and the second contract covering the period of three years beginning March 1, 1918. These contracts were executed for the Thomas Canning Company by plaintiff as its president and treasurer.

The Continental Can Company, pursuant to its agreement in a letter written to the Thomas Canning Company March 1, 1915, allowed and paid certain rebates on cans shipped to and paid for by the Thomas Canning Company under the contract of the same date. The rebate checks were drawn by the Continental Can Company in the name of the Thomas Canning Company. Upon receipt of these checks the amounts thereof were, at the direction of plaintiff, credited to his personal account on the books of the Thomas Canning Company. The Continental Can Company carried no account with the plaintiff personally.

The second contract with the Continental Can Company which was negotiated and executed by plaintiff in the name of the Thomas Canning Company did not specifically provide for payment by the Continental Can Company of any rebates

on purchases thereunder by the Thomas Canning Company, but the Continental Can Company continued after March 1, 1918, and until 1920, to send to the Thomas Canning Company rebate checks, as had been done under the previous contract. These rebate checks were drawn in the name of the Thomas Canning Company but upon their receipt the amounts thereof were, at the direction of plaintiff, credited to his personal account on the books of the Thomas Canning Company. The amounts so received and credited were $20,819.36 during 1918 and $2,622.97 during 1919. The record does not show why these rebates were credited to plaintiff's personal account and thereby made subject to his personal demand and use without further corporate action, other than that plaintiff directed that this be done. There was no corporate action which indicated that these amounts belonged to or were claimed by the Thomas Canning Company as its funds or that they were being credited to plaintiff's personal account as dividends.

The facts and circumstances require the conclusion that plaintiff at all times regarded and claimed these rebates as belonging to him rather than to the corporation and that the Thomas Canning Company, likewise, regarded the amount of the rebate checks as belonging to the plaintiff. Whenever anything was done which was considered as corporate action, a record and minutes thereof were made by the attorney for the corporation at the direction of the plaintiff. No corporate action was taken in this case and no such record was made. The Treasury Department held in these circumstances that the amounts in question belonged to plaintiff and were income to him, and collected the resulting tax, and the evidence here does not overcome the prima facie correctness of that decision. The rebates were evidently regarded by plaintiff and the Thomas Canning Company either as commissions or compensation to plaintiff for negotiating and securing the contracts. The fact that the Continental Can Company later in a letter addressed to the plaintiff in 1920 claimed that the rebates under the second contract had been paid by mistake is not important to the question whether such amounts were income to plaintiff in 1918 and 1919. North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197. Plaintiff received under a claim of right the amount of the rebates paid by the Continental Can Company by checks drawn in the name of the Thomas Canning Company and used the same without restriction. Moreover, they were never repaid by plaintiff either to the Continental Can Company or to the Thomas Canning Company.

Counsel for plaintiff contend that the corporate identity of the Thomas Canning Company may not be ignored, and that if these rebates for 1918 and 1919 were subject to be taxed they were taxable to the corporation and not to the plaintiff. This contention is without force under the facts disclosed by the record. Plaintiff was the sole owner of the corporation and there is no evidence that the corporation ever regarded or claimed the amounts of the rebates as its property. The fact that the rebate checks were drawn by the Continental Can Company in the name of the Thomas Canning Company in accordance with the arrangement with the Continental Can Company is not controlling. We think it is clear from all the facts and circumstances disclosed by the record that it was intended by plaintiff and the Thomas Canning Company that the rebates paid by the Continental Can Company belonged to plaintiff rather than to the corporation. All rebates paid by the Continental Can Company from March, 1915, to the end of 1919 were credited to plaintiff's personal account immediately upon their receipt by direction of the plaintiff, in which the corporation acquiesced. In these circumstances the Commissioner of Internal Revenue was justified in holding that the rebates of $20,819.36 paid in 1918 and $2,622.97 paid in 1919 by the Continental Can Company and received and claimed by plaintiff constituted taxable income to him.

In determining the additional tax herein sought to be recovered, the Commissioner increased plaintiff's income for 1918 in the amount of $23,147.83 and for 1919 in the amount of $3,693.72 on account of rebates paid by the Continental Can Company. It appears, therefore, that the Commissioner overstated plaintiff's income for 1918 in the amount of $2,328.47 and for 1919 in the amount of $1,070.75. Plaintiff is entitled to recover whatever overpayments may result from the exclusion of the last-mentioned amounts from his taxable income for 1918 and 1919, respectively.

Judgment for such overpayments will be entered upon the filing by the parties of a computation showing the exact amount of such overpayments. It is so ordered.