*551 OPINION.
Steenhagen :
The Commissioner’s determination is based on the view that the receipt and deposit by the petitioner of the entire Fordham check in 1936 was a receipt by him not only of the 1934 and 1935 commissions, as he admits, but also of the 1936 commission. The evidence is clear, however, that the amount in excess of the 1934 and 1935 commissions, while actually taken into petitioner’s possession, was received by him not for his own use or subject to his dominion and control but subject to the express instructions of the president of the college when he endorsed and delivered the check, that petitioner “was to hold the balance in trust until the accounting could be completed for the 1936 season.” These were not empty words, for there were circumstances which gave them sound reason. No one could tell until after the 1936 accounting whether petitioner would be entitled to any commission for the season, and certainly not what the amount, if any, would be. Prior to the accounting determination of the amount, petitioner had and claimed no right to use or enjoy any of the check except the amount of his 1934 and 1935 commissions which had been fixed and determined. This much he returned for tax in his 1936 income. The Commissioner was in error in adding any additional amount of the Fordham check. Sara R. Preston, 35 B. T. A. 312; cf. North American Oil Consolidated v. Burnet, 286 U. S. 417; Doyle v. Commissioner, 110 Fed. (2d) 157; certiorari denied, 311 U. S. 658; Commissioner v. Alamitos Land Co., 112 Fed. (2d) 648.

Decision will he entered for the petitioner.