COMMONWEALTH INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98060. Promulgated May 9, 1941.

*William Allen Whitfield, Esq.,* for the petitioner.
*Gene W. Reardon, Esq.,* for the respondent.

446

OPINION.

TURNER: The petitioner rests its case upon the proposition that the contract of February 18, 1928, between it and the Casualty Co. was illegal and void from its inception and for that reason urges that the amounts received in 1933 and 1934 from the Casualty Co. pursuant thereto did not constitute taxable income to it. It concedes that but for the illegality of the contract the amounts received thereunder did constitute taxable income.

The respondent, relying on *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417; *Estate of James E. O'Neil*, 35 B. T. A. 975; affd., 98 Fed. (2d) 93, and other cases of similar import, contends that, since the petitioner received the amounts under a claim of right and had unrestricted use of them, they are to be treated as income for the years in which received, irrespective of the fact that restitution was made in a subsequent year.

From the facts it appears that from the date the contract was entered into until it was canceled the petitioner received from the Causalty Co. as payments under the contract a total of approximately $93,000, which total includes the amounts here in issue. For the sums received petitioner rendered no services and apparently had no intention of rendering any services. In short, the petitioner, in order to avoid the tax consequences of the payments under the said contract, pleads its participation with the Casualty Co. in a scheme whereby funds of the Casualty Co. were illegally and wrongfully paid over to petitioner. It is a fundamental principle of law that a person may not take advantage of his own wrong. In *Marbelite Corporation of America, Ltd.*, 30 B. T. A. 311; affd., 77 Fed. (2d) 713, we said:

It is thus readily perceived that, reduced to plain words, taxpayer seeks to plead in this litigation with the Government over taxes its own participation in

an illegal contract to avoid the consequences of such contract on its tax liability. There is a complete barrier to such action. * * *

See also *Estate of James E. O'Neil, supra; Johnston* v. *McLaughlin*, 55 Fed. (2d) 1068; *Hering* v. *Tait*, 65 Fed. (2d) 703; and *James P. McKenna*, 1 B. T. A. 326. The respondent has predicated his determination upon the assumption that the contract, until canceled by the parties and at the instigation of the insurance commissioner, was binding and legal, and the petitioner, conceding that under such circumstances the amounts here in question constituted income in the taxable years, has rested its case entirely upon the ground that illegality of the contract would relieve it of the income tax consequences. The above cases require the contrary conclusion and the action of the respondent in treating the sums received by the petitioner from the Casualty Co. during the taxable years as income to the petitioner is accordingly sustained.

*Decision will be entered for the respondent.*