OPINION. Hill, Judge: The only question presented here is whether a portion of a forfeited down payment for the purchase of real estate forming part of the corpus of a trust is taxable income to petitioner in 1940, the year of its distribution to her as an income beneficiary. Petitioner contends that under the Revenue Act of 1936 the down payment was income to the trust in 1937, the year of forfeiture, and under sections 161 and 162 of that act, was taxable either to the trust or to herself in that year and is, therefore, not taxable to her in 1940. Respondent’s position is that petitioner’s right to a portion of the $10,000 first matured in 1940 and, since she received it then, sections 22 (a) and 42 of the Internal Revenue Code require that she be taxed on it in 1940. We think it clear that, standing alone, the forfeiture of purchase price payments which are properly retained as liquidated damages for failure to consummate a purchase agreement is income to the payee in the year of such forfeiture. Doyle v. Commissioner, 110 Fed. (2d) 157, and Virginia Iron, Coal & Coke Co. v. Commissioner, 99 Fed. (2d) 919. The statement of the above factual situation fits the instant case in so far as the fact of forfeiture and the facts giving rise to it are concerned. If we should stop with such statement of facts and rest our holding thereon alone, we would hold that the forfeited payment in the instant case was income which was distributable and taxable to petitioner in 1937 and, hence, not taxable to her in 1940. However, additional facts are present in the proceeding before us. When the cash payment of $10,000 of the purchase price for Bloomfield was received, it was not income to the trust. At that time, it was regarded by the trustees as principal and was so entered on the trust account. Notwithstanding the payment was forfeited later in 1937, the trustees continued to regard it as principal and accordingly refused to pay it out or distribute it as income. Since the income of the trust was distributable currently, there was no incentive taxwise for the trustees to account for the fund in question as principal instead of income, for the reason that the trust could avoid taxation thereon in either event. The trustees held the fund in the corpus of the trust under a claim of right and duty to do so until in a proceeding instituted in the orphans’ court in 1940 it was judicially determined by that court that the fund was income and not principal. Accordingly, the orphans’ court by decree directed the trustees to transfer the fund to income and distribute it as such. The decree was entered in 1940 and the fund in question was distributed in that year to petitioner and the other trust beneficiaries. It is obvious, in view of the conditions obtaining as above detailed, that petitioner could receive a distributable share of the fund as income only after the orphans’ court had judicially determined it to be income and directed its distribution as such. We will not review the rationale employed by the orphans’ court in approaching its decision to direct the fund in question to be transferred from principal to income and so to be distributed to the beneficiaries, further than to observe that it appears therefrom that the court regarded the question before it as being directed largely to its discretion under the authority of Levy's Estate, 333 Pa. 440, and as one not free from difficulty. It appears also that the decision of the orphans’ court was influenced at least in part by “the necessities of the interested parties.” It is unquestionable that until such decree was entered the fund in question did not become available to petitioner and the other trust beneficiaries as distributable income. North American Oil Consolidated v. Burnet, 286 U. S. 417, 423. Petitioner was, therefore, under no duty to report her share of such income for tax purposes until the obstacle of the legal controversy which prevented her from receiving it was removed. Freuler v. Helvering, 291 U. S. 35, 42. She did not so report it. The income represented by such distributable share became available to petitioner upon the entry of the decree in question in 1940. She is, therefore, taxable thereon in that year. Reviewed by the Court. Decision will he entered for the respondent.