OPINION. ÁRUndell, Judge: The primary issue before us is whether the sum of $120,000 received by the petitioner in its taxable year 1947 constituted income when received. The petitioner contends this sum represented the purchase price of an option and is not taxable until the option is terminated since the sum is to he applied on the purchase price of the property if the option is exercised and the sum is not in excess of the adjusted basis of the property. See Virginia Iron Goal & Coke Co., 37 B. T. A. 195, affd. 99 F. 2d 919, certiorari denied 307 U. S. 630. The respondent contends the sum was prepaid rental disguised as an option payment which the petitioner lessor was under no obligation to return and hence is taxable income. See North American Oil Consolidated v. Burnet, 286 U. S. 417, and Gilken Corp., 10 T. C. 445, affd. 176 F. 2d 141. The petitioner submitted in evidence the testimony of the signatories for the lessee and lessor corporations and the attorney who drafted the lease. Each testified that the sum represented the purchase price of the option and was paid and received for that purpose and for no other purpose. They testified that the option was incorporated in the instrument, not to defer the tax incidence upon the receipt of the $120,000 sum, but to satisfy the demands of the lessee. The clear, forthright testimony of the witnesses was corroborated by the terms of the instrument which clearly and unambiguously state that the sum was in payment for the option. The respondent submitted no evidence that in any way contradicted this testimony, or other evidence sufficient to establish that this sum was something other than what it purports to be. We have considered such factors as the length of time that expires before the option commences, the length of the lease term, the comparison between the amount of cash paid annually as rent and the option price of the property, the provisions whereby the option terminates upon expiration of the lease, and the provision that the purchase price of the option is forfeited to the petitioner if the lessee breaches the lease. While these factors may lend support to respondent’s argument, they are insufficient to overcome the positive evidence offered by the petitioner. It follows that the sum received by petitioner for the option does not constitute taxable income in 1947 since it may be applied on the purchase price of the property and is less than the adjusted basis of the property in the hands of petitioner. Virginia Iron Coal & Coke Co., supra. The respondent has determined a 25 per cent delinquency penalty against petitioner for failure to file its income tax return for the taxable year 1945 within the prescribed time. Section 291, Internal Revenue Code. The petitioner does not deny that its income tax return for the taxable year 1945 was due on or before December 15,1945, and was not filed until October 2, 1946, and that there was no reasonable cause for the delay. However, the petitioner contends that if the sum of $120,000 is not, as we have held, taxable income for the taxable year 1947, then there is a net operating loss for 1947 which, when properly carried back to. the taxable year 1945, leaves no tax due. From this it argues that since there is no tax due for that year, there can be no penalty. We find no merit in petitioner’s argument. The obligation to file a timely return is mandatory on a taxpayer and his failure to do so without reasonable cause requires the imposition of a penalty. The fortuitous circumstances which permit the carry-back of net operating losses of later years cannot serve to excuse the earlier delinquency. Our conclusion here finds support in the decision of the Supreme Court in Manning v. Seeley Tube & Box Co. of New Jersey, 338 U. S. 561. There it was held that while a net operating loss carry-back may serve to eliminate a deficiency for a previous year, the interest which had theretofore accrued on such deficiency was not eliminated. Further support for the conclusion here reached may be found in the report of the Senate Finance Committee accompanying the Revenue Act of, 1942,* wherein it is stated: A taxpayer entitled to a carry-baejr of a net operating loss or .an unused excess profits credit * * * will not be able to determine the deduction on account of such carry-back until the close of the future taxable year in which he sustains the net operating loss or has the unused excess profit's credit. Be must therefore file his'return and pay his tax without regaré to such deduction, and must file a claim for refund at the close of the succeeding taxable year when he is able to determine the amount of such carry-back. [Emphasis added.] We, therefore, sustain the respondent’s determination of a 25' per cent delinquency penalty against .the petitioner for failure to file an income tax return for its taxable year 1945 within the prescribed time. Section 291, supra. Various adjustments which the parties have agreed to and which will follow from our findings will be settled under Rule 50. Decision will be entered vrnder Bule 50. s. Kept. No. 1631, 77th Cong., 2d Sess., 1942 — 2 C. B. 604, 696.