The **FIRST NATIONAL BANK OF CHICAGO, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 80 C 253.**

United States District Court, N.D. Illinois, E.D.

June 14, 1982.

---

**158**

Loren E. Juhl, Henry Mason III, Robert R. Wootton, Sidley & Austin, Chicago, Ill., for plaintiff.

Asst. U.S. Atty. Mary Anne Mason, Chicago, Ill., T. Kazan Ray, Trial Atty., Tax Division, Dept. of Justice, Washington, D.C., for defendant.

### ORDER

ROSZKOWSKI, District Judge.

Before the court is defendant's motion for judgment on the pleadings. For the reasons herein stated, that motion is granted.

This action is brought by the trustees of two trusts for the refund of federal income taxes paid for the years 1972 and 1973. The material facts are not in dispute.

In October, 1972, the trusts involved received the sum of $149,424 as partial payment for the sale of certain stock. In February, 1973, the trusts received the balance due on the sale in the amount of $149,-424.55. The trusts reported the sale proceeds as income for 1972 and 1973 and paid the taxes due thereon in 1973 and 1974, respectively.

In 1974, the propriety of the sale was challenged by a trust beneficiary and a suit was filed in the Circuit Court of Cook County. In 1979, the Circuit Court ordered the sale rescinded and ordered the trusts to repay $257,142.54 of the total sale proceeds. That order was affirmed by the Illinois Appellate Court in March, 1981.

The sole issue in this case is the time at which the return of the purchase price should be given effect for tax purposes. Plaintiff's position is that the trusts are entitled to a deduction for the years 1972 and 1973 in the amounts required to be repaid. The government contends that the deduction must be taken in the year of repayment pursuant to Section 1341(a) of the Internal Revenue Code, which provides for deductions in the year of repayment if:

(1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;

(2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item...; and

(3) the amount of such deduction exceeds $3,000....

26 U.S.C. § 1341(a).

Plaintiffs agree that all the elements set forth in Section 1341(a) are present here except for the requirement that the taxpayer's right be "unrestricted." Plaintiffs claim that they did not have an "unrestricted" right to the items in question because disposition of the proceeds of the sale was limited both by the trust agreement and by the challenge raised to the sale by one of the trust's beneficiaries.

The government maintains that the trust admittedly received the funds under a "claim of right" and that the trustees were

entitled to treat the sale proceeds as belonging to the trust. The government argues that the limitations placed upon the disposition of trust assets by a trust agreement are not the kind of "restrictions" contemplated by the Supreme Court when it formulated the "claim of right" doctrine reflected in 26 U.S.C. § 1341(a).

"There is a claim of right when funds are received and treated by a taxpayer as belonging to him." *Healy v. Commissioner of Internal Revenue,* 345 U.S. 278, 282, 73 S.Ct. 671, 674, 97 L.Ed. 1007 (1953). Under the "claim of right" doctrine and the applicable statute, if a taxpayer receives an item under a "claim of right" and the disposition of that item is unrestricted, the taxpayer is required to report the item as taxable income for the year received even though he may subsequently be required to return the funds. *North American Oil Consolidated v. Burnet,* 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197 (1932); 26 U.S.C. § 1341(a). "Should it later appear that the taxpayer was not entitled to keep the money, . . . he would be entitled to a deduction in the year of repayment; the taxes due for the year of receipt would not be affected." *United States v. Skelly Oil Company,* 394 U.S. 678, 680, 89 S.Ct. 1379, 1381, 22 L.Ed.2d 642 (1969).

The policy reasons for the "claim of right" doctrine were stated by the *Healy* Court as follows:

> Congress has enacted an annual accounting system under which income is counted up at the end of each year. It would be disruptive of an orderly collection of the revenue to rule that the accounting must be done over again to reflect events occurring after the year for which the accounting is made, and would violate the spirit of the annual accounting system. This basic principle cannot be changed simply because it is of advantage to a taxpayer or to the Government in a particular case that a different rule be followed.

345 U.S. at 284–85, 73 S.Ct. at 675.

Because trusts are "taxpayers" as provided by 26 U.S.C. § 641(a), the "claim

of right" doctrine is clearly applicable here. The facts indicate that the trustees received the sale proceeds under a claim of right and were free to treat those proceeds as belonging to the trust, subject only to the trustees' fiduciary obligation to the beneficiaries. This obligation cannot be construed as a "restriction" on the use of the money for tax purposes. The fact that a trust beneficiary disputed the sale only represented a "potential restriction" which "is not a 'restriction on use' within the meaning of *North American Oil v. Burnet, supra."* *Healy v. Commissioner of Internal Revenue, supra,* 345 U.S. at 284, 73 S.Ct. at 675. Thus, as a matter of law, plaintiff is not entitled to a refund of income taxes for the years 1972 and 1973. Plaintiff must take an appropriate adjustment in the year of repayment as provided by Section 1341(a) of the Internal Revenue Code.

Accordingly, it is ordered that defendant's motion for judgment on the pleadings be and the same is hereby granted. Plaintiffs' complaint is dismissed with prejudice.