In re Gary D. HOCHMAN, Debtor.

Bankruptcy No. 81–01582–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Sept. 17, 1982.

Robert E. Venney, Miami, Fla., for debtor.

Robert S. Steinberg, Miami, Fla., Co-counsel for debtor.

Alvarez L. LeCesne, Jr., Washington, D.C., for I.R.S.

Ira Gropper, Asst. U.S. Atty., Miami, Fla., Arthur Weitzner, Coral Gables, Fla., for trustee.

Jeanette Tavormina, Trustee.

## ORDER ON DEBTOR'S OBJECTION TO TAX CLAIM

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor's objection (C.P. No. 28) to the I.R.S. tax claim for the years 1980 ($137,-262) and 1981 ($50,615) was heard on September 13 under 11 U.S.C. § 505(a). The debtor's original returns for the years in question acknowledged the tax indebtedness noted above, which is now claimed by the I.R.S. The debtor's amended returns for the years in question reflect a refund due him for 1980 ($21,261) and for 1981 ($14) based upon a revised statement of income for those years.

As the general partner of a partnership, the debtor paid to himself substantial distributions during each of the two years. These distributions were based upon income reportedly received by the partnership. During 1981, the debtor learned that the fraudulent conduct of an individual named Greenman had resulted in a gross overstatement of the partnership income and, therefore, an unauthorized distribution to himself for each of the two years. However, the money had then been spent and the debtor, though acknowledging the overpayment to himself, has been unable to refund the overpayment to the partnership. In his present bankruptcy proceeding, he seeks discharge of that debt owed to the partnership. The amended tax returns reflect subtraction from the reported income for each year of the overpayment which the debtor, as general partner, paid to himself.

The foregoing facts are undisputed and it is not suggested that the debtor is anything other than an innocent victim of Greenman's fraud. It is the I.R.S. position that the debtor received the income he initially reported, enjoyed its benefit and, it would now appear, will never repay any part of that income to the partnership. Therefore, the debtor, who is on a cash rather than an accrual basis, must pay the tax on that income under the claim of right doctrine.

"If a tax payer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." *North American Oil Consolidated v. Burnet,* 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197.

The basis for the doctrine is stated in *Bramlette Building Corporation, Inc. v. Commissioner,* 5 Cir.1970, 424 F.2d 751, 753:

"The claim of right doctrine depends not upon the legitimacy of the claim but upon a taxpayer's treatment of the funds as his own, and consequently the fact that the claim was mistaken does not prevent the operation of the doctrine where the taxpayer has actually had the benefit of the funds in business, as here. . . . The taxpayer is, of course, entitled to a deduction in any year in which it is obliged to repay the funds."

The debtor relies on *United States v. Merrill,* 9 Cir.1954, 211 F.2d 297, 304, where the court recognized an exception to the claim of right rule:

"We are not aware that the rule has ever been applied where, as here, in the same year that the funds are mistakenly received, the taxpayer discovers and admits the mistake, renounces his claim to the funds, and recognizes his obligation to repay them . . . We think there is no warrant for extending the harsh claim of right doctrine to such a situation."

Clearly, there is no comfort for the debtor under *Merrill* for the 1980 taxes, because the mistake was not discovered until the following year. Although the debtor urges that *Merrill* should now be extended, I am not persuaded. Furthermore, I am bound by *Commissioner v. Gaddy,* 5 Cir.1965, 344 F.2d 460, 462 where the court held:

"Therefore, if the taxpayer does not discover the mistaken overpayment, renounce his claim of right thereto and recognize his obligation for repayment in the same taxable accounting period, the general rule of the claim of right applies and the exception to the doctrine is inapplicable."

The I.R.S. argues that the *Merrill* exception is inapplicable here, because *Merrill* is

bottomed upon the taxpayer's good faith as noted by that court:

"Good faith is indicated by the fact that the taxpayer's $7,500 obligation to the estate was not only recognized by him in 1940 but was paid in cash in 1943." *supra* at page 304.

The debtor, although he recognized his obligation in 1981 to repay the partnership, sought to discharge that obligation in bankruptcy during the same year. I agree with the I.R.S. that the *Merrill* exception is not applicable in this case to the tax for either year. *Buff v. Commissioner,* 2 Cir.1974, 496 F.2d 847.

In view of the foregoing determination, it is not necessary to consider the I.R.S. argument that the *Merrill* exception should be rejected as it was in *Quinn v. Commissioner,* 7 Cir.1975, 524 F.2d 617, 624 and by the concurring opinion in *Buff v. Commissioner, supra* at page 849.