In re KENITRA, INC., a Washington corporation, Debtor.

ROBERT K. MORROW, INC., an Oregon corporation, Plaintiff,

v.

Larry W. HAY, United States of America and State of Oregon, acting By and Through the Department of Revenue, Defendants.

Bankruptcy No. 382–02649 (7).
Adv. No. 84–0621.

United States Bankruptcy Court, D.Oregon.

June 11, 1985.

David A. Foraker of Greene & Associates, P.C., Portland, Or., for trustee.

Charles H. Turner, U.S. Atty., Portland, Or., Mark E. Nebergall, U.S. Dept. of Justice, Washington, D.C., for U.S.

Mary T. Feldbruegge, Asst. Atty. Gen., Portland, Or., for State of Or.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon the United States of America's motion to dismiss. Pursuant to FRCP 12(b), the court will treat this as a motion for summary judgment.

The trustee filed a complaint against Mr. Hay and the State and Federal governments alleging that all were the recipients of fraudulent conveyances from the debtor corporation.

There is no dispute as to the relevant facts. Hay was an employee of the debtor. Within one year of the petition herein, the debtor credited Hay with a $40,000 "bonus" by discharging a debt Hay owed to the debtor. Subsequently, the debtor paid the Internal Revenue Service (hereinafter referred to as the "IRS") and the Oregon Department of Revenue (hereinafter referred to as the "ODR") $14,202.20 and $4,215.52 respectively. These sums represent the federal and state income tax withholdings from Hay's "bonus".

The trustee's complaint alleges that the "bonus" to Hay was fraudulent under 11 U.S.C. § 548. Accordingly, the trustee's complaint alleges that the payments to the IRS and ODR are recoverable under 11 U.S.C. § 550(a), which states:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

The state filed an answer which denied the material allegations against it. The IRS, however, filed a motion to dismiss for failure to state a claim. After a hearing, the court denied the motion to dismiss and, in response, the IRS filed a motion for reconsideration of the order denying the motion to dismiss.

The IRS argued in its motion for reconsideration that it was an initial transferee under § 550(a)(1), but that the transfer in question was not avoidable under § 547 since it fell within the "ordinary course of business" exception found in § 547(c)(2). Alternatively, the IRS argued it was a "mediate" good faith transferee under § 550(b)(1).

The first argument misses the point for two reasons. First, the trustee's complaint does not allege that the IRS received a preferential transfer under § 547(c)(2). Second, the IRS was not an initial transferee of the withholding payment. In this case, the bonus was declared in favor of Hay. As a result of the bonus income, Hay incurred a debt to the IRS. The debtor would only have been liable had it not withheld and paid the IRS the proper sum from Hay's bonus. 26 U.S.C. §§ 3402 and 3403. The money withheld represented Hay's income tax liability resulting from the bonus. In other words, the source of the withholding payment was Hay, not the debtor. For analytical purposes, then, it is as if the entire $40,000 were paid to Hay who then paid $14,402.20 back to the debtor which then paid that sum to the IRS. When viewed from this perspective, the IRS becomes a "mediate" or subsequent transferee under 11 U.S.C. § 550(a)(2).

Since the IRS was a mediate transferee under 11 U.S.C. § 550(a)(2), § 550(b)(1) applies. That section states:

The trustee may not recover under section (a)(2) of this section from—

(1) a transferee that takes for value, including a satisfaction or securing of a present or antecedent debt, in good

faith, and without knowledge of the voidability of the transfer avoided ....

As Hay's transferee, the IRS gave value to Hay when it satisfied Hay's income tax liability which resulted upon the payment of the bonus. Even though the bonus may now be deemed fraudulent and hence, recoverable by the trustee, under the "claim of right" doctrine, Hay was indebted to the IRS as soon as he received the bonus. The claim of right doctrine precludes the court from "unwinding" this transaction so as to return all the parties to the status quo immediately preceding the bonus. See *North American Oil Consolidated v. Burnet*, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197 (1932).

Further, there is no argument that the IRS acted in bad faith or with knowledge of the voidability of the transfer to Hay when it accepted the payment and discharged Hay's liability.

Therefore, even if the bonus were a fraudulent conveyance as to Hay, the trustee could not recover from the IRS. Naturally, if the bonus were not a fraudulent conveyance, there could be no recovery from Hay or the IRS. Because of the somewhat unusual "claim of right" doctrine which fixed Hay's liability at the time of the bonus, the trustee's argument that the IRS did not give value in exchange for the payment fails.

Since the Oregon Department of Revenue has not joined the IRS in the motion to dismiss (treated as a motion for summary judgment), the court will only grant summary judgment to the IRS.

An order consistent herewith shall be entered. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.