L. R. GUSTAFSON AND ANNA M. GUSTAFSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gustafson v. Commissioner
Docket No. 21208-86.
United States Tax Court
T.C. Memo 1988-82; 1988 Tax Ct. Memo LEXIS 112; 55 T.C.M. (CCH) 250; T.C.M. (RIA) 88082; February 29, 1988. Genell F. Forsberg, for the respondent. DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514. section 1556, 100 Stat. 2755) of the Code and Rules 180, 181 and 182. [1] For convenience, the findings of fact and conclusions of law have been combined in this opinion. Respondent determined deficiencies in petitioners' Federal income taxes for the years 1982 and 1984 in the amounts of $ 9,525 and $ 164, respectively. [2] A concession having been made by petitioner, the issue remaining for decision is whether petitioner's method of reporting income and expenses pertaining to his law and accounting practice is permissible under section 446. [3]
*114 This case was fully stipulated and submitted under Rule 122. The stipulations of fact and attached exhibits are incorporated in our findings by this reference. At the time the petition herein was filed, petitioner lived in Britton, South Dakota. Petitioner had been engaged in the practice of law and accounting since November 1, 1945. During the years in dispute petitioner reported his income and expenses from his law and accounting practice on Schedule C of his Federal income tax return. Since petitioner began his practice in 1945, he has included on Schedule C of his Federal income tax returns, income earned from his legal and accounting activities when he completed the work involved, which was not necessarily the same year in which the income was received. The income reported was net after subtracting filing fees, transfer fees, recording fees, deposition fees, etc. The expenses claimed on Schedule C for the years in issue were, however, deducted in the year paid. All petitioner's other income and expenses were reported on his returns on the cash receipts and disbursements method of accounting. These included his personal expenses and all of the law office overhead *115 expenses such as library expenses, insurance premiums, professional dues and depreciation. In 1982 petitioner received $ 24,370.43 in advanced payments for work which was not completed until 1983. In 1983 he received $ 780 for work which was not completed until 1984, and in 1984 he received $ 682.50 for work which was not completed until 1985. These amounts were not included in income until the year when the work was completed. These funds were placed in the office checking account and not in any type of client escrow account. Respondent determined that petitioner's method of accounting did not clearly reflect income under section 446. Petitioner contends that his method of accounting has been consistently applied for 40 years and is an acceptable method of accounting. Furthermore, petitioner contends that if the accounting method is improper then the method that respondent used to reallocate all of the income to the year in which it was earned is improper. The Commissioner has broad powers in determining whether a taxpayer's accounting method clearly reflects income. Thor Power Tool Co. v. Commissioner,439 U.S. 522, 532 (1979); *116 United States v. Catto,384 U.S. 102, 113-114 (1966); First National Bank of Gainsville v. Commissioner,88 T.C. 1069 (1987). The petitioner has a heavy burden of proof to rebut respondent's determination with respect to accounting matters. Thor Power Tool Co. v. Commissioner, supra at 532-533. Respondent's determination is not to be set aside unless it is shown to be plainly arbitrary or an abuse of discretion. Lucas v. Structural Steel Co,281 U.S. 264, 271 (1930); Baird v. Commissioner,68 T.C. 115, 131 (1977). Section 446(c) provides: a taxpayer may compute taxable income under any of the following methods of accounting -- (1) the cash receipts and disbursements method; (2) an accrual method; (3) any other method permitted by this chapter; or (4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary.
One of the "other methods permitted" is the completed long-term contract method. The completed contract method generally involves reporting *117 income and expenses for a project, which extends for longer than one year, at the time the contract is completed. Petitioner initially contends that he is using this method. However, the completed contract method only applies to building, installation, construction or manufacturing contracts. Section 1.451-3(b)(1)(i), Income Tax Regs. Petitioner's services are not related to construction or manufacturing. Furthermore, section 1.451-3(d)(5)(ii), Income Tax Regs., provides that indirect costs, including supplies, utilities and maintenance, must be allocated to the contract. Petitioner's method of currently deducting his overhead expenses is in direct conflict with this regulation. Therefore, petitioner is not using the completed contract method. [4]
Petitioner's next argument is that he is using a hybrid method of accounting. *118 Hybrids are permissible if they are used consistently and clearly reflect income. Section 1.446-1(c)(2)(ii), Income Tax Regs. However, a hybrid method which uses the cash method to report expenses must also use the cash method to report income. It is well settled that taxpayers may not accrue receipts and treat expenditures on a cash basis, or vice versa. Mass. Mutual Life Ins. Co. v. United States,288 U.S. 269, 274 (1933). Petitioner has used the cash method to report his expenses and, therefore, cannot use anything other than the cash method to report his income. Otherwise, petitioner would be able to currently deduct expenses while deferring income. Petitioner also suggests that he was using the cash method because he was holding the payments in constructive trust for his clients until services were in fact performed. Essentially, petitioner is arguing that he did not hold the payments under a claim of right because his clients could demand the repayment of the funds. Petitioner's arguments are not persuasive because there were not any controls imposed on his disposition of the funds. In Miele v. Commissioner,72 T.C. 284 (1979), *119 we held that a law firm which held its clients' advanced payments in escrow did not hold the funds under a claim of right because the escrow agreement and the Pennsylvania Code of Professional Responsibility put substantial restrictions on the disposition of the funds. The claim of right doctrine mandates the taxation of income which is in the taxpayer's possession and which is subject to the taxpayer's unfettered command "even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." North American Oil v. Burnet,286 U.S. 417, 424 (1932). Here, there were no restrictions whatsoever on petitioner's use of the funds. He commingled the payments with his own bank account. And he has not shown that he is subject to any disciplinary rules which might limit the use of the funds. He, therefore, holds the funds under a claim of right and must report the income currently under the cash receipts and disbursements method even if his clients could seek reimbursement for services not performed. *120 In conclusion, we find that petitioner is not using the completed contract method of accounting, nor a permissible hybrid method, nor the cash method. His method of accounting does not clearly reflect income because it allows for current deduction of some expenses and defers related income. Petitioner's argument that his accounting method has been consistently used for over 40 years is not sufficient to overcome respondent's determination. As we stated in Miele v. Commissioner, supra at 291, "An improper but consistent application of their accounting method will not save petitioners' error." We conclude, therefore, that respondent was correct in changing petitioner's method of accounting. Petitioner's final argument is that respondent erred by allocating all the 1983 reported income to the 1982 tax year. Apparently, petitioner is relying on section 481 to allow him a 10-year period over which to spread the increase in income. The statute does not impose an obligation *121 on respondent to permit a taxpayer such a period to extend his section 481(a) adjustments. Respondent has broad authority and discretion to determine the manner in which the taxpayer is to make the adjustments required by that statutory provision. Section 481(c) provides: (c) Adjustments Under Regulations. -- In the case of any change described in subsection (a), the taxpayer may, in such manner and subject to such conditions as the Secretary may by regulations prescribe, take the adjustments required by subsection (a)(2) into account in computing the tax imposed by this chapter for the taxable year or years permitted under such regulations.
[Emphasis added.] The regulations adopted pursuant to this authority provide a very specific procedure for taxpayers to follow when they seek to use an adjustment method that is not set forth in the statute. Section 1.481-5, Income Tax Regs. Additional procedures adopted by respondent have been set forth in various Revenue Procedures. See, e.g., Rev. Proc. 80-51, 1980-2 C.B. 818 and Rev. Proc. 79-47, 1979-2 C.B. 528 wherein respondent set forth the procedures a taxpayer must *122 follow to spread any adjustments under section 481(a) over a period of years. These rules are limited to those instances where the taxpayer initiates and obtains permission for the change. They do not apply to cases where the respondent initiated the change in method through an audit.
It is clear from the foregoing authorities that, even though the section 481(a) adjustment is generally made in one year, there is no prohibition in the statute against the adjustment being spread over more than one year. On the other hand, it is equally clear from these authorities that a taxpayer is not entitled to extend the adjustment beyond the "year of the change" unless the taxpayer has applied for and obtained the respondent's approval or agreement. Southern Pacific Transportation Co. v. Commissioner,82 T.C. 122, 125 (1984); McGrath & Son, Inc. v. United States,549 F.Supp. 491, 494 (S.D. N.Y. 1982). Clearly, this change of accounting was initiated by the respondent at the time of audit. We, therefore, conclude that respondent has the authority under section 481(c) *123 to allocate the income reported in 1983 to the year 1982. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Anna M. Gustafson is a party to this action only because she filed joint Federal income tax returns with her husband for the years 1982 and 1984. Hereinafter, reference to "petitioner" will be to L. R. Gustafson. ↩
3. Petitioner stipulated that respondent was correct in determining his capital gain for 1982. In addition, petitioner agrees that if this Court sustains respondent's determination, then respondent's adjustment for 1984, relating to petitioner's contribution to his Keogh plan is correct. ↩
4. Special rules for long-term contracts were codified in section 460, which was added to the Code by the Tax Reform Act of 1986 and amended by the Revenue Act of 1987. Section 460 is not applicable to the years at issue. ↩