T.C. Summary Opinion 2002-144


UNITED STATES TAX COURT



MONA L. PURCELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11613-01S.              Filed November 7, 2002.


Mona L. Purcell, pro se.

<u>Marc L. Caine</u> and <u>Maureen T. O'Brien</u>, for respondent.



DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax for 1999 of $3,780 and an accuracy-related penalty under section 6662(a) of $756. The issues for decision are: (1) Whether any portion of the Social Security benefits petitioner received during 1999 is includable in her gross income; and (2) whether petitioner is liable for a section 6662(a) accuracy-related penalty as determined by respondent.

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Natick, Massachusetts.

Petitioner reported wages of $54,726 for 1999. Respondent issued a notice of deficiency determining that petitioner failed to report Social Security benefits received in 1999. The Social Security Administration (SSA) informed the Commissioner that it had distributed $15,955 in benefits to petitioner in 1999.

The SSA has informed petitioner that she has received a total overpayment of $36,982.30 in Social Security benefits. This amount is presently being disputed by petitioner. She does not object to repaying the benefits if the SSA determines that she received an overpayment or paying the taxes if there is determined not to be an overpayment. Petitioner argues, however, that she should not have to pay both.

Section 61(a) provides that, except as otherwise provided by law, gross income includes all income from whatever source derived. Section 86(a)(1) generally requires the inclusion of Social Security benefits in gross income. Section 86 specifically provides the taxpayer with a formula to determine what percentage of her Social Security benefits are includable in gross income. Because petitioner had modified adjusted-gross income plus one-half of the Social Security benefits received in excess of $34,000, section 86(a)(2) controls the determination of the amount of her Social Security benefits that are includable in gross income. Section 86(a)(2)(B) applies to this case. Section 86(a)(2)(B) provides that the amount of Social Security benefits included in gross income here is "85 percent of the social security benefits received during the taxable year."

Social Security benefits are included in the recipient's gross income in the taxable year in which the benefits are received. Sec. 86(a)(1). Petitioner admits receiving Social Security benefits in 1999. If petitioner is required to repay the Social Security benefits, she may be entitled to a deduction in the year of repayment. N. Am. Oil Consol. Co. v. Burnett, 286 U.S. 417, 424 (1932). If the deduction fails to make petitioner whole because the applicable tax rate was higher in the year of recognition than it was in the year of return, section 1341 may apply. See United States v. Skelly Oil Co., 394 U.S. 678, 681

(1969). Section 1341 provides relief to a taxpayer who has received income under the claim of right doctrine and applies only if the amount of repayment exceeds $3,000 in the taxable year. Sec. 1341(a)(3). Additionally, section 86(d)(2)(A) allows a taxpayer to reduce the amount of Social Security benefits includable in income, if, during the same year, the taxpayer was required to make repayments on Social Security benefits previously received.

While petitioner's situation is not an enviable one, this Court is bound by the language of the Code. Because petitioner received her Social Security benefits in 1999, she was obligated to report them on her 1999 Federal income tax return. The Court holds, therefore, that respondent's determination that petitioner failed to report $13,561.75 as income on her 1999 tax return is correct.

Respondent also determined that a section 6662 accuracy-related penalty is due with respect to petitioner's tax return for 1999.

Section 6662 imposes a penalty equal to 20 percent of the portion of the underpayment attributable to negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1). Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and

the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

The accuracy-related penalty will not apply if petitioner demonstrates that there was reasonable cause for the underpayment and that she acted in good faith with respect to the underpayment. See sec. 6664(c). Whether a taxpayer acted with reasonable cause and good faith depends on the pertinent facts and circumstances. See McCallson v. Commissioner, T.C. Memo. 1993-528; sec. 1.6664-4(b)(1), Income Tax Regs.

Neither petitioner nor respondent argued or produced any evidence indicating that petitioner had knowledge of the overpayments prior to filing her 1999 Federal tax return. During trial the Court asked petitioner why she did not report the Social Security benefits. Petitioner's response provided no legally significant reason; she claimed that she did not know she needed to report Social Security benefits as income and that she was "naive". She concluded by stating that "I'm definitely at fault for that."

The Court finds that petitioner failed to make a reasonable attempt to determine whether she should report any portion of the Social Security benefits she received in 1999. Further, petitioner failed to produce any evidence to show that she acted with reasonable cause and good faith for the year at issue. The

Court sustains respondent's determination that petitioner is liable for the accuracy-related penalty for 1999.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.