**TOWN PARK HOTEL CORPORATION,**
Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REV-**
**ENUE, Respondent-Appellee.**

No. 71-1055.

United States Court of Appeals,
Sixth Circuit.

Aug. 10, 1971.

Wayne C. Marsh, Memphis, Tenn., for petitioner-appellant; Charles M. Collins, Memphis, Tenn., on brief.

Jane Edmisten, Atty., Tax. Div., Dept. of Justice, Washington, D. C., for respondent-appellee; Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Thomas L. Stapleton, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before BROOKS, MILLER and KENT, Circuit Judges.

PER CURIAM.

The issue on appeal and before the Tax Court is whether the appellant realized a gain when it withdrew in 1964 a deposit which had been made by the state of Tennessee in a condemnation proceeding in Tennessee State court involving a taking of the plaintiff's property. The amount deposited by the state and withdrawn by the taxpayer in the year 1964 was the sum of $722,476.00. The Commissioner determined a deficiency in the taxpayer's federal income tax for the fiscal year ended June 30, 1965 in the amount of $112,223.74. He determined that the taxpayer had not reinvested the proceeds received on the condemnation of its property within the time limit as prescribed by section 1033(a)(3)(B)(i), I.R.C.1954, and therefore that the taxpayer was not entitled to treat the gain thereon as one entitled to nonrecognition treatment. The nonrecognition feature of section 1033(a)(3)(B) in effect at the time here involved was that any taxpayer whose property is involuntarily converted may limit the recogni-

tion for tax purposes of any gain realized by such conversion if he replaces such property with other property similar or related in use within a period of one year "after the close of the first taxable year in which any part of the gain upon the conversion is realized."

In this case it is conceded that the taxpayer did not reinvest the proceeds derived from the withdrawal of the condemnation deposit within the one-year period. Its insistence is that the gain was not realized during the year that the deposit was withdrawn but was realized when the amount of compensation that it was to receive as a result of the condemnation was finally determined in a later year in the condemnation proceeding and title to the property was vested by the court in the condemning authority.

In upholding the findings and conclusions of the Commissioner, the Tax Court applied the "claim of right" doctrine first enunciated by the Supreme Court in North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197 (1932). In that case the doctrine was stated by Mr. Justice Brandeis as follows:

> If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent.

The Tax Court analyzed the condemnation procedure in Tennessee (Tenn.Code Ann. [1969 Cum.Supp.] Sections 23–1526 through 23–1541), and was of the opinion that when a deposit is made by the condemning authority under the Tennessee procedure the taxpayer upon withdrawing the deposit obtained the unrestricted use of the funds under a claim of right. The Court was of the view that when the deposit was made in the present taxpayer's case and an order of condemnation entered, the property was thereby appropriated to the use of the state and what remained in the taxpayer was the bare legal title to the property.

Having reviewed the record and the applicable authorities, we are of the opinion that the Tax Court was correct in applying the claim of right doctrine as enunciated in North American Oil Consolidated v. Burnet, supra. It follows that it was correct in its ultimate determination and finding that the taxpayer was not entitled to the benefit of the nonrecognition provisions of the Act in effect during the times here involved.

It is therefore ordered and adjudged that the decision of the Tax Court entered on September 14, 1970 be and the same is hereby affirmed on the basis of its memorandum opinion as reported in 29 T.C.M. 1150.