**Linlo SCOLARI, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 73-3548.

United States Court of Appeals, Ninth Circuit.

June 3, 1974.

Thomas Elke, San Francisco, Cal., for petitioner-appellant.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Chief, Richard Farber, Daniel F. Ross, Appellate Section, Tax Div., U. S. Dept. of Justice, Washington, D. C., Mead Whitaker, Chief Counsel, I. R. S., Washington, D. C., for respondent-appellee.

## OPINION

Before BROWNING, DUNIWAY and SNEED, Circuit Judges.

PER CURIAM:

Taxpayer appeals a decision of the Tax Court sustaining a deficiency assessment of $28,744.02 for 1966 and 1968.

In 1966 the United States filed a complaint in condemnation and declaration of taking of real property owned by taxpayer, depositing $65,000 as estimated compensation. Taxpayer withdrew $62,500. His basis in the property was $15,000. In March of 1968 the parties stipulated to a judgment fixing the value of the property at $175,000. In May of 1968 taxpayer received the balance due him. In the same year he reinvested the entire amount in similar property in an attempt to meet the nonrecognition-of-gain requirement of 26 U.S.C. § 1033.

The government asserts that since the 1966 withdrawal exceeded taxpayer's basis, he first realized gain in 1966, and the period permitted for acquisition of similar property commenced to run. Since taxpayer neither acquired similar property during the one-year period then allowed, nor requested an extension of time to do so, the requirements of section 1033 were not met, and the gain was fully taxable. Taxpayer's position is that

since he uses the accrual method of accounting, he is not chargeable with receipt of any part of the award until the total amount due became determinable with reasonable accuracy in 1968, and the time during which he must acquire similar property to gain the benefits of section 1033 began to run only then.

Taxpayer recognizes that his contention was rejected in Town Park Hotel Corp. v. Commissioner of Internal Revenue, 446 F.2d 878 (6th Cir. 1971). We choose to follow that ruling.

Affirmed.