In the Matter of ARTHUR C. FINK, Petitioner, v. NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, August 2, 1973.

*Fink, Weinberger, Levin & Charney (Patrick A. Lyons* *Arthur C. Fink* and *Morton Cohen* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Vincent P. Molineaux* and *Ruth Kessler Toch* of counsel), for respondent.

REYNOLDS, J. Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied the petitioner a refund for an alleged overpayment of his 1959 income tax.

The question posed in this proceeding is whether the respondent correctly held that some $39,354.85 in executor's commissions actually paid to petitioner in January of 1959 should properly have been included as income on petitioner's 1959 State income tax return. Petitioner's position is that, since the Surrogate's final order was signed and entered in December of 1958 and the funds were concededly available in cash to pay him immediately thereon, the entire estate having been reduced to cash, the commissions were actually 1958 income under the doctrine of constructive receipt.

The doctrine of constructive receipt has a long and solid foundation in both State and Federal tax regulations (Regulations of the Department of Taxation and Finance, 20 NYCRR 252.20 [formerly Personal Income Tax Regulation, § 44]; Treas. Reg., § 1.451–2). Moreover, the doctrine of constructive receipt is not invoked at the discretion of either the government or the taxpayer, but is a mandatory rule (*Weil* v. *Commissioner of Internal Revenue,* 173 F. 2d 805, cert. den. 338 U. S. 821; *Ross* v. *Commissioner of Internal Revenue,* 169 F. 2d 483). It is also well settled that the doctrine applies to both cash and accrual basis taxpayers (*United States* v. *Hancock Bank,* 400 F. 2d 975, 978, citing *North American Oil Cons.* v. *Burnet,* 286 U. S. 417). The respondent contends that, under the landmark case of *Weil* v. *Commissioner of Internal Revenue* (*supra*), the doctrine of constructive receipt is inapplicable to the instant case and further contends that section 359 of the Tax Law and sections 43 and 44 of the now superseded Personal Income Tax Regulations (now Regulations of Department of Taxation and Finance, 20 NYCRR 252.19, 252.20) preclude consideration of the commissions as income at any time other than when received. We cannot agree.

In *Weil* v. *Commissioner of Internal Revenue* (*supra,* p. 808) the court said that the applicability of the constructive receipt doctrine depended upon whether a commission was " a credit of income which may be drawn upon by him [the taxpayer]

at any time ' and ' without any substantial limitation or restriction as to the time or manner of payment ' " and, thus, held the constructive receipt to be inapplicable there because the judicial decrees had left the time of payment to the discretion of the executors and there were a number of factors to be considered in exercising that discretion in the best interest of the estate. The court then concluded " consequently until the executors do something to indicate that their discretion has been exercised in favor of immediate payment to their personal accounts, they do not in their individual capacities have unrestricted control of the money."

Here, unlike in *Weil*, all of the assets of the estate had been reduced to cash and the Surrogate's decree had fixed the disposition of the entirety of that cash. There was, therefore, no longer any room for the exercise of the discretion of the executors in the interest of the estate. In light of the uncontroverted testimony that the bank would have paid the petitioner his commission on demand at any time after December 17, 1958, the absence of a specific date and specific amount of the petitioner's individual commission must be viewed as insignificant. There was no limitation or restriction on the petitioner's access to the commission after the entry of the Surrogate's decree of December 17, 1958 and it must be, therefore, viewed as being constructively received by the peititioner as of that date. We find no other basis advanced to preclude the applicability of the doctrine here and thus the determination of the respondent must be reversed.

The determination should be annulled, and the petition granted, with costs.

STALEY, JR., J. (dissenting). Petitioner contends that the amount of commissions he received as a coexecutor of an estate is taxable income as of the date of the final decree settling the executors' accounts, rather than the date of receipt of payment of said commissions. The date of the decree was December 16, 1958, and the commissions were received by petitioner in January, 1959. The record does not disclose what income was included in petitioner's income tax return for the calendar year 1958, which return was presumably filed on or about April 15, 1959, at least two months after the receipt of the payment. The record does show, however, that petitioner included the item of commissions in his Federal income tax return for the year 1959, but omitted the item from his New York State income tax return of 1959 with a statement that the amount of the commissions became " due and immediately available to tax-

payer" on the date of the final decree. Petitioner concededly reported his income on the cash receipts basis.

Section 359 of the Tax Law in effect in 1958 and 1959 provided as follows: "The term 'gross income': 1. Includes gains, profits and income derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid * * *. The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the methods of accounting permitted in this article, any such amounts are to be properly accounted for as of a different period".

The New York State Income Tax Regulations provided that, if no determination of compensation is had until the completion of services, the amount received is ordinarily income for the taxable year in which received if the return is rendered on the receipts and disbursements basis.

Petitioner contends, that although he did not receive the commissions until January, 1959, that he, nevertheless, constructively received the commissions in 1958 and should be taxed as income earned in that year.

"In probate administration, executors are regarded as separate legal persons in their individual and official capacities. In exercising their discretion when to pay to themselves as individuals money pursuant to decrees directing payment but leaving it discretionary with them when payment shall be made, they must consider the interest of the estate without regard to their personal interest. Accordingly, a mere court award of commissions has been held not to be equivalent to constructive receipt of the commissions where the executor performs no official act showing that the money was available to him in a personal capacity." (33 Am. Jur. 2d, Federal Taxation [1973], § 3096.)

The holding of the majority that petitioner constructively received the commissions in 1958 in effect is treating such item as an accrued item of income, and would result in a rule that whenever services are completely rendered, the value of such services becomes taxable income at that time regardless of when the payment for such services is received.

Under the facts of this proceeding, it is incredible to permit petitioner to avoid taxation by the State of New York of the amount of the commissions received in 1959, and may even result in permitting such income to avoid being subject to any income tax to the State of New York.

HERLIHY, P. J., and KANE, J., concur with REYNOLDS, J.; STALEY, JR., and SWEENEY, JJ., dissent and vote to confirm in an opinion by STALEY, JR., J.

Determination annulled, and petition granted, with costs.