RICHARD A. REEVES, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Reeves v. Commissioner
Docket No. 7636-73.
United States Tax Court
T.C. Memo 1977-114; 1977 Tax Ct. Memo LEXIS 329; 36 T.C.M. (CCH) 500; T.C.M. (RIA) 770114; April 18, 1977, Filed *329 Over a number of years, taxpayer, an accountant, secured funds from a client ostensibly to pay her taxes. The monies received were diverted to his own use. Held, taxpayer received unreported taxable income in the amounts of the money so received each year. Held further, other issues resolved by determination of additional income and taxpayer's failure to meet his burden of proof. Richard A. Reeves, Jr., Pro Se. Robert P. Ruwe, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined deficiencies in Federal income tax and additions to tax under section 6653(a) [1] for negligence or intentional disregard of rules and regulations, for the calendar years and in the amounts as follows: Addition to Tax Year
Deficiency
Sec. 6653(a)
1968
$2,938.13
$146.91
1969
6,939.65
351.11
1970
4,724.16
236.21
1971
739.00
36.95
The issues for decision are (1) whether petitioner received taxable income during 1968 through 1971 which he failed to report *330 on his returns for those years, (2) whether petitioner is entitled to deductions for depreciation in excess of the amounts allowed by respondent for each year, (3) whether petitioner is entitled to net operating loss carryover deductions for 1968, 1969, and 1971, (4) whether petitioner is liable for additional self-employment taxes for 1968 through 1971, and (5) whether petitioner is liable for the additions to tax determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated by the parties and they are so found. Petitioner Richard A. Reeves, Jr., resided in Indianapolis, Indiana, during the taxable years in issue and at the time his petition was filed herein. Petitioner filed Federal income tax returns for 1968 and 1969, including amended returns for both years, with the district director of internal revenue at Indianapolis, Indiana. His returns for 1970 and 1971 were filed with the internal revenue service center located at Cincinnati, Ohio. Petitioner's filing status each year was that of a married individual filing a separate return. Petitioner has been engaged in the accounting business since 1952, but is not, and never has been, a certified public *331 accountant in the state of Indiana, nor has he ever been licensed as a public accountant by the state of Indiana. In 1965 he was recommended to Jean Goettman, who had just started operating two motels in Anderson, Indiana, as someone who could take care of her tax work. Petitioner misrepresented himself to Mrs. Goettman as a certified public accountant and gained employment to handle all of her accounting and tax affairs. Included in petitioner's duties pursuant to such employment were preparation of Mrs. Goettman and her husband's Federal income tax returns and payment of various taxes owed by them. In 1968 petitioner secured a power of attorney from the Goettmans designating him as their representative in connection with their Federal tax liabilities. During 1968 through 1971 petitioner received the following amounts of currency from Mrs. Goettman for the ostensible purpose of satisfying her tax liabilities: Year
Amount
1968
$21,147.00
1969
18,895.00
1970
22,955.00
1971
7,374.00
No Federal income tax returns were filed by or on behalf of the Goettmans for the taxable years 1966, 1967, 1968, 196 9, and 1971, and the return filed on their behalf for *332 1970 showed zero tax liability. Petitioner made no payments on behalf of the Goettmans for their Federal income tax liabilities for any of these years. [2]
Respondent determined that, with certain exceptions, the money received by petitioner from Mrs. Goettman constituted unreported taxable income to him, and we agree. The amounts, as adjusted, are set forth below: Year
Amount
1968
$16,928.52
1969
16,728.12
1970
20,850.00
1971
3,998.50
Respondent also disallowed 50 percent of the depreciation deductions claimed by petitioner each year based on his determination that the assets on which depreciation was claimed were used in both petitioner's business and the separate bookkeeping business operated by petitioner's wife. Respondent further disallowed a portion of the additional first year depreciation deduction claimed by petitioner in 1970. Petitioner has adduced no evidence which would show that respondent *333 erred in his partial disallowance of these deductions. Petitioner claimed net operating loss carryover deductions in 1968, 1969, and 1971, which were also disallowed by respondent. The deductions for 1969 and 1971 were based on net operating losses computed for 1968 and 1970, which losses are extinguished by the additional unreported income determined herein. Petitioner offered no evidence to establish a net operating loss that could properly be carried over to 1968. Petitioner's liability for additional self-employment tax for 1968 through 1971 is dependent upon our resolution of other issues in this case. At least a part of the deficiency in each year was due to negligence or intentional disregard of rules and regulations. OPINION In the taxable years 1968 through 1971 petitioner received monies from his client, Jean Goettman, which were diverted to his own use. Under the doctrine of North American Oil v. Burnet,286 U.S. 417 (1932), as reaffirmed and expanded in James v. United States,366 U.S. 213 (1961), petitioner is chargeable with having realized income of the amounts received. Quinn v. Commissioner,524 F. 2d 617 *334 (7 Cir, 1975), affirming 62 T.C. 223 (1974); Peters v. Commissioner,51 T.C. 226 (1968). Petitioner has offered no satisfactory evidence that would establish respondent's determinations of the amounts of unreported income in each year to be erroneous. The remaining issues are resolved either by our conclusion that petitioner realized additional unreported income as aforesaid, or by petitioner's failure to adduce evidence that respondent's determinations are erroneous. Rules 142(a) and 149(b), Tax Court Rules of Practice and Procedure.
Decision will be entered for respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. This whole matter came to light when in 1971 the intelligence division of the internal revenue service initiated an investigation of the Goettmans for their alleged failure to file Federal income tax returns for the years 1966 through 1969.↩