**In re Andrew BAER, Debtor.**

**Andrew BAER, Movant,**

**v.**

**UNITED STATES of America, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, Respondent.**

**Bankruptcy No. 97–10454.**
**Motion No. RFK–5.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 9, 1998.

· Rawley Krasik, Monroeville, PA, for Debtor.·

Gerald A. Role, Washington, DC, for Respondent.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Factual Background

Before the Court is Andrew Baer's ("Debtor") Motion to Determine Tax Liability ("Motion") and a Motion for Summary Judgment filed by the United States of America, Department of Treasury, Internal Revenue Service ("IRS"). The Debtor has also filed an objection to the Amended Proof of Claim filed by the IRS.

The first issue raised in the Motion is moot. The proof of claim filed by the IRS dated May 27, 1997 reflects an estimated tax liability for the year 1995 in the amount of $15,000, while the Debtor asserts an actual tax liability for 1995 in the amount of $5,122.00. The IRS indicates that it has since received the Debtor's 1995 tax return and that it has amended its proof of claim to reflect the Debtor's 1995 income tax liability as $5,122.00, plus prepetition interest.

The remaining issue in both the Motion and the objection to claim involves the Debtor's tax liability for 1993. The facts are not in dispute. On his income tax return for 1993, Debtor reported as income $103,995 received from Hartsville General Hospital (the "Hospital") and paid income tax on that sum.

On or about May 30, 1995, Debtor filed an Amended Income Tax Return (Form 1040X) for 1993. Debtor claimed that the $103,995 was mistakenly included as income and instead was a business loan on which no tax was due. Debtor claimed entitlement to an income tax refund of $36,595. By letter dated December 18, 1995, the IRS proposed disallowance of Debtor's refund claim. The reason for disallowance was stated as:

Because you received advanced payments with complete and unrestricted control over its use, the advance payment is income in the year it is received. (Claim of Right Rule). Further, since no repayments of monthly draw upon termination has been made as specified in the contract, you may deduct amounts paid only in the year repayment is made; therefore we have disallowed your claim in full.

The Debtor now reasserts his refund claim and asserts that the refund plus interest due thereon would be sufficient to satisfy all of the Debtor's unpaid tax liability for the years 1993, 1994, 1995, 1996, and estimates for 1997 and that remaining sums should be returned to the Debtor.

The payments which the Debtor received from the Hospital in 1993 arose from a Physician Agreement ("Agreement") dated December 15, 1992 between the Debtor and the Hospital. The purpose of the Agreement was to enable the Hospital to attract a qualified physician by providing certain financial assistance. The Debtor is a physician.

Under the terms of the Agreement, the Hospital agreed to provide the Debtor $15,-000 in moving expenses, $5,000 for office renovations, to pay the Debtor's health insurance premiums and to provide the Debtor a monthly draw of up to $10,833. Specifically, regarding the monthly draw, the Agreement provides:

A. Monthly draw—During the term of this agreement the physician will be permitted to draw from the Hospital up to $10,833.00 per month, with payments being made biweekly when necessary, less 50% of the "net practice income" (as hereinafter defined) during such month. Such draws shall be repaid to the Hospital, as follows:

(1) In the months that the Physician's "net practice income" exceeds $10,833.00, fifty (50%) percent of such excess shall be paid to the Hospital, but only to the extent of any outstanding balance in the amount of the draws, bonuses, and advances to be repaid by the Physician to the Hospital. However, in months in which the income is greater than $10,833.00 and no amounts are due the Hospital by the Physician, no payment will be required to be made by the Hospital to the Physician.

Regarding any outstanding balance due the Hospital at the end of the term of the Agreement, the Agreement provides:

(2) If there is an outstanding balance due to the Hospital at the end of the six (6)

month period following the end of the term of this Agreement, the Physician shall: (a) repay such excess within one (1) year, or, (b) in consideration and recognition of the benefit to the community and the Hospital from the Physician continuing practice in the service area, the amount owed to the Hospital will be amortized and written off in equal monthly amounts, over the next thirty-six months, that the Physician remains in active practice in the service area, following the expiration of the term of this agreement.

In accordance with the provisions of the Agreement, the Hospital advanced $131,096 to the Debtor. Subsequently, the Debtor resigned from the medical staff of the Hospital.

On March 11, 1996, the Hospital filed a Complaint against the Debtor in the United States District Court of the Middle District of Tennessee for damages under the Agreement in the amount of $131,096 plus interest. On August 29, 1996, the Hospital obtained a judgment by default and on March 14, 1997, the Hospital obtained a Writ of Execution in the Court of Common Pleas of Mercer County, Pennsylvania, based on the judgment.

On March 28, 1997, Debtor filed his voluntary Petition under Chapter 7 of the Bankruptcy Code.

The Debtor asserts that the $103,995 was mistakenly reported as income on the Debtor's 1993 income tax return; that the sum received was a loan and not income and that the Claim of Right Doctrine is inapplicable.

The IRS asserts the sum was properly classified as income; that the Claim of Right Doctrine applies; that no refund is due; and that if the Debtor repays the Hospital, those payments are properly deductible from income in the year in which they are made.

*Discussion*

■ The Claim of Right Doctrine is firmly established in our law. *North American Oil v. Burnet*, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197 (1932). "If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to

return, even though it may still be claimed that he is not entitled to retain the money, and even though ·he may still be adjudged liable to restore its equivalent." *Id. See also United States v. Skelly Oil Co.*, 394 U.S. 678, 89 S.Ct. 1379, 22 L.Ed.2d 642 (1969); *Healy v. Commissioner*, 345 U.S. 278, 73 S.Ct. 671, 97 L.Ed. 1007 (1953); *Alexander Shokai, Inc. v. Commissioner*, 34 F.3d 1480 (9th Cir. 1994); *Liddy v. Commissioner*, 808 F.2d 312 (4th Cir.1986).

■ The Debtor claims that the funds received from the Hospital constitute a loan. The Hospital did not retain the right to insist upon repayment in cash. The Debtor had the right to unconditional use of the funds without an obligation to repay them. If the underlying purpose of the Agreement were fulfilled, that is to facilitate a long-term physician-hospital relationship, the Hospital was obligated to write off any remaining balance due from the Debtor following the expiration of the Agreement over a period of 36 months. In 1993, when the Debtor received payment from the Hospital, there was no existing, unconditional and legally enforceable obligation to repay the sums received. Debtor had unconditional use of the funds which he received and treated as belonging to him. The reporting of the funds as income on his income tax return for 1993 itself indicates that the monies were held under a claim of right. *Healy v. Commissioner*, 345 U.S. 278, 283, 73 S.Ct. 671, 674–75, 97 L.Ed. 1007 (1953). We conclude that the Debtor held the funds received in 1993 under a claim of right and that the amount was properly included as income on the Debtor's 1993 tax return, and accordingly, the Debtor is not entitled to a tax refund for the 1993 tax year.

■ 26 U.S.C. § 1341 provides for a tax benefit as a deduction in the year of repayment should it later appear that the taxpayer is not entitled to keep the money reported as income under the claim of right doctrine. *United States v. Skelly Oil Co.*, 394 U.S. 678, 683, 89 S.Ct. 1379, 1382–83, 22 L.Ed.2d 642 (1969). Any amount repaid is deductible in the year of repayment (on the cash basis) or the year in which the liability becomes fixed (on the accrual basis). *In re Apsel*, 1996 WL 636118 (Bankr.D.Or.1996); *but see In re*

*Southwestern States Marketing Corp.*, 179 B.R. 813 (N.D.Tex.1994) *aff'd. sub. nom. Kellogg v. U.S.*, 82 F.3d 413 (1996) (accrual disallowed where no likelihood of repayment exists).

Since the Debtor is attempting to discharge his obligation to the Hospital, it appears that the money will never be repaid and therefore, the Debtor will be unable to take the deduction provided by 26 U.S.C. § 1341. However, that determination need not be made at this time.

We need only conclude that the Debtor is not entitled to a refund for the 1993 tax year. An appropriate Order will be entered.