### In re HUTTER.

**Nance Hutter, Debtor–Appellant,**

**Gerhard Hutter, Appellant,**

**Richard M. Coan, Trustee, Trustee–Appellee.**

**Docket No. 01–5040.**

United States Court of Appeals, Second Circuit.

July 23, 2002.

Nance Hutter, Greenwich, CT, pro se, for Appellant.

Timothy D. Miltenberger, Coan, Lewendon, Gulliver & Miltenberger, LLC, New Haven, CT, for Appellee.

Present LEVAL, CALABRESI, Circuit Judges, and DEARIE, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judg-

---

* The Honorable Raymond J. Dearie of the United States District Court for the Eastern District of New York, sitting by designation.

ment of the district court be and it hereby is AFFIRMED.

Debtor–Appellant Nance Hutter and appellant Gerhard P. Hutter appeal from a ruling issued on March 29, 2001 by the United States District Court for the District of Connecticut (Squatrito, *J.*). That decision affirmed an order of the Bankruptcy Court for the District of Connecticut in *In re Hutter*, 215 B.R. 308 (Bankr. D.Conn.1997) (Shiff, *J.*) granting the appointment *nunc pro tunc* of Coan, Lewendon, Royston, Deming & Gulliver ("Coan, Lewendon"), the law firm of trustee-appellee Richard M. Coan, to litigate the sale of real property owned by the Hutters. ·

Richard Coan is the bankruptcy trustee for Nance Hutter's estate. On May 3, 1996, Coan brought an adversarial proceeding against Gerhard Hutter, debtor-appellant's husband, under Section 363(h) of the Bankruptcy Code, 11 U.S.C. § 363(h), to sell Mr. Hutter's one-half interest in the couple's residence at 933 Lake Avenue, Greenwich, Connecticut. At that time, Coan had not filed an application pursuant to § 327(a) for court approval of his retention of counsel to prosecute the adversary proceeding. Approximately one year later, on May 8, 1997, Coan filed his § 327(a) application to retain his own law firm, Coan, Lewendon, *nunc pro tunc* to May 1, 1996 before the initiation of the adversarial proceeding. Coan admitted that his application was untimely because he "mistakenly assumed that ... [he] had [already] filed the application." Tr. of 6/6/97 Hr'g at 49. The Hutters objected to the retention of Coan, Lewendon and to the *nunc pro tunc* request, arguing that Coan's failure to file his application in a timely manner could not be dismissed as "excusable neglect."

The bankruptcy court granted the application, finding that Coan was under pressure to begin the litigation quickly in order to satisfy debtor-appellant's creditors, that the Hutters suffered no prejudice as a result of the delay, and that "[Coan's] delay was in large part due to the numerous papers filed and consequential court appearances caused by the Hutters." *In re Hutter*, 215 B.R. at 316. The court therefore found that Coan's actions constituted "excusable neglect." On appeal, the district court, applying the "extraordinary circumstances" test of *In re Keren Ltd. P'ship*, 189 F.3d 86 (2d Cir.1999) (per curiam), affirmed the bankruptcy court's decision concluding that it had not abused its discretion in granting *nunc pro tunc* retention.

On appeal, the Hutters argue that the bankruptcy court erroneously applied the less demanding "excusable neglect" standard rather than the "extraordinary circumstances" test. Furthermore, they argue that, under either the "extraordinary circumstances" standard or the "excusable neglect" standard, the bankruptcy court erred in authorizing *nunc pro tunc* retention because the delay was attributable only to the trustee's negligence. Finally, they assert that both the bankruptcy court and the district court erred in finding that the Hutters contributed to the delay by filing numerous papers.

On appeal, the district court reviewed the bankruptcy court record under the "extraordinary circumstances" standard and found that the bankruptcy court, in its findings, had demonstrated "extraordinary circumstances" in this unnecessarily protracted litigation. We affirm.