T.C. Summary Opinion 2002-157

UNITED STATES TAX COURT

PETER JOHN MIHOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5260-01S.                    Filed December 26, 2002.

Peter John Mihok, pro se.

<u>Brook D. Remick</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,391 in petitioner's 1998 Federal income tax.

---

[1]    Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue.

After concessions by petitioner of unreported interest income, a State income tax refund, and a retirement income distribution, the sole issue for decision is whether, under section 86(a), Social Security benefits for the year at issue are includable in petitioner's gross income where a portion of such benefits includes overpayments that must be repaid to the Social Security Administration due to excess earnings by petitioner during the year at issue.

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Weslaco, Texas.

Petitioner attained the age of 65 on July 1, 1996. He applied for and began receiving retirement Social Security benefits as of that date. Petitioner continued in gainful employment as an aeronautical engineer and was employed through the remainder of 1996, 1997, 1998, and 1999. At the time of trial, petitioner was no longer employed.

Because of petitioner's continued employment, his Social Security benefits were overpaid in each of the years 1996, 1997, and 1998. The overpayments were paid back through a reduction in petitioner's monthly Social Security benefits. From August 1998 through August 1999, all of petitioner's monthly benefits were applied toward the accumulated overpayment. From October 1999

through September 2000, no reductions were made to his benefits; however, in October 2000, regular reductions of $100 per month were made to apply against new overpayments in benefits. At the time of trial, petitioner still owed a balance of approximately $1,000, which was being reduced by the $100 monthly deduction from his Social Security benefits.

For the year at issue, 1998, petitioner's Social Security benefits for that year totaled $22,547 before any reductions to offset prior overpayments of benefits. For that year, $12,355 was withheld from petitioner's benefits and applied to the overpayments. Thus, petitioner was paid a net amount of $10,192 during 1998. Because petitioner was gainfully employed during 1998, and his earnings that year, as in past years, exceeded the allowable amount under Social Security, he continued accruing an overpayment of benefits. The amount of the overpayments for 1998 could not be determined until the succeeding year, 1999.

For the year 1998, the Social Security Administration issued a Form SSA-1099, Social Security Benefit Statement, to petitioner, which reflected total benefits to him of $22,547 for 1998 less reductions of $12,355 that were applied to reduce the overpayments in benefits to petitioner in prior years. The Form SSA-1099 reflected net taxable benefits of $10,192 ($22,547 less $12,355).

On his Federal income tax return for 1998, petitioner did not include in gross income any Social Security retirement benefits for that year.  In the notice of deficiency, respondent determined that the net Social Security benefits of $10,192 paid to petitioner during 1998 constituted income, and, pursuant to section 86(a), $8,663.20 of that amount was taxable income. Petitioner does not dispute the net amount of $10,192 he received during 1998.  He argues, however, that the net amount paid to him includes amounts representing an overpayment to him for his excess earnings during 1998, and, therefore, he should not be liable for income tax on benefits that have to be paid back to the Social Security Administration through reductions in his Social Security benefits in subsequent years.

There is no dispute that, under the formula provided in section 86(a), the taxable portion of petitioner's Social Security benefits for 1998 is $10,192, the net amount petitioner received after the reduction of $12,355 for overpayments in benefits for years prior to 1998.  Additionally, there is no dispute that petitioner's earnings during 1998 were also in excess of allowable earnings for that year that would cause Social Security benefits payable in future years to be reduced to offset the excess benefits paid to petitioner during 1998.  As noted above, petitioner's argument is that, because some of the net benefits paid to him during 1998 will be affected because of

his excess earnings during 1998, he should not be required to include in income the net benefits paid to him during 1998.

The Court rejects petitioner's argument.  Section 86(d)(2)(A) provides:

> (2) Adjustment for repayments during year.--
>
> (A) In general.--For purposes of this section, the amount of social security benefits received during any taxable year shall be reduced by any repayment made by the taxpayer during the taxable year of a social security benefit previously received by the taxpayer (whether or not such benefit was received during the taxable year).

Thus, it is evident from section 86(d)(2)(A) that a taxpayer is allowed a reduction, for tax purposes, of any repayment of benefits made during the taxable year; however, there is no provision in the statute that allows an additional reduction for excess benefits paid that year due to the taxpayer's excess earnings that year.  Petitioner's employment earnings during 1998 were not known until the close of that year and only then could it be determined whether those earnings constituted excess earnings that would cause an overpayment of Social Security benefits.  It is well settled that income is taxable when it has been actually or constructively received. Poczatek v. Commissioner, 71 T.C. 371, 376 (1978) (citing N. Am. Oil Consol. Co. v. Burnet, 286 U.S. 417 (1932)).  Petitioner actually received $10,192 in Social Security benefits during 1998.  That

amount is includable in petitioner's income for 1998.  To the extent any portion of that amount represented an overpayment due to petitioner's excess employment earnings, petitioner is provided relief in the following year by a reduction in the taxable portion of his benefits.[2]  Respondent, therefore, is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[2]     The Form SSA-1099 issued by the Social Security Administration to petitioner for 1999 reflected total benefits of $31,688, benefits repaid to the Social Security Administration of $28,792, and net taxable benefits of $2,896.  Thus, for the year 1999, petitioner was allowed an offset or reduction of his Social Security benefits for the overpayments to him during 1998 and prior years.