**Glenn HIGHTOWER, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 06–73838.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2008.*

Filed Feb. 12, 2008.

Glenn Hightower, Pasadena, CA, pro se.

Lynne L. Glasser, Clerk, U.S. Tax Court, Donald L. Korb, Acting Chief Counsel, Internal Revenue Service, Anthony T. Sheehan, Esq., Eileen J. O'Connor, Esq., U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Respondent–Appellee.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM **

The stock payment Glenn Hightower received for his share of Green Hills was

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

taxable income in 2000 because it was received without restriction as to its disposition and because Hightower had no fixed legal obligation to restore the funds to any other party. *See N. Am. Oil Consol. v. Burnet,* 286 U.S. 417, 424, 52 S.Ct. 613, 76 L.Ed. 1197 (1932); *Hope v. Comm'r,* 471 F.2d 738, 741–42 (3d Cir.1973). The possibility that the stock transaction could have later been unwound by a California court does not alter the analysis. *See Healy v. Comm'r,* 345 U.S. 278, 284, 73 S.Ct. 671, 97 L.Ed. 1007 (1953). Also irrelevant is Hightower's contention that the transaction may have left Green Hills with a negative net worth in violation of state law. *See Wentworth v. Comm'r,* 510 F.2d 883, 886 (6th Cir.1975) ("The liability of closely held corporations and their shareholders for federal taxes should not be made to depend upon their compliance with state laws."); *James v. United States,* 366 U.S. 213, 219–20, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961). Additionally, Hightower's unilateral intent not to claim and exercise dominion over the funds does not affect his tax liability. *See Comm'r v. Alamitos Land Co.,* 112 F.2d 648, 651 (9th Cir.1940).

Because the stock payment was taxable income to Hightower in 2000, the interest which accrued on the principal was also taxable income in the year the interest was received.

Hightower was also obliged to report the pass-through distributive share of Green Hills's income allocated to him in 2000. *See* Treas. Reg. § 1.1361–1(e); *Pahl v. Comm'r,* 150 F.3d 1124, 1129 (9th Cir. 1998); *Anderson v. Comm'r,* 164 F.2d 870, 873 (7th Cir.1947). Even though Hightower's role in Green Hills management may have been restricted, he still retained beneficial ownership of his shares through the October 13, 2000 sale date. Contrary to Hightower's assertions, the arbitration award did not have the effect of divesting him of beneficial ownership of his Green Hills shares in 1998. Rather, it merely gave O'Dowd the financial benefit of the bargain retroactively once the sale took place in 2000. **AFFIRMED.**