T.C. Memo. 2013-184

UNITED STATES TAX COURT

RAMESH T. KUMAR AND PUSHPARANI V. KUMAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4334-08.                     Filed August 13, 2013.

<u>Richard Harry Levenstein</u>, for petitioners.

<u>Brandon S. Cline</u> and <u>Kenneth A. Hochman</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $78,760 deficiency in

petitioners' 2005 Federal income tax and a $15,752 accuracy-related penalty under

[*2] section 6662(a).[1]  Respondent having conceded the penalty, the issues for decision are (1) whether petitioners have $215,920 of unreported income from Dr. Ramesh T. Kumar's shareholder interest in Port St. Lucie Ventures, Inc. (PSLV), an S corporation; and (2) whether petitioners have $2,344 of interest income from Dr. Kumar's shareholder interest in PSLV.

## Background

The parties submitted this case fully stipulated under Rule 122.  The stipulation of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Florida at the time the petition was filed.

### Cancer Centers

Dr. Kumar is a physician who specializes in radiation oncology.  Around April 1996 Dr. Kumar and Dr. Ronald H. Woody III agreed to provide radiation oncology services to patients in St. Lucie and Okeechobee Counties, Florida, through three entities:  Okeechobee Business Ventures, Inc. (OBV), Mid-Florida Radiation Oncology, P.A. (MFRO), and PSLV.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** Dr. Kumar, Dr. Woody, and Dr. Prasad A. Korlipara each owned one-third of the outstanding shares of stock of OBV. Dr. Kumar was the president and director of OBV.

Dr. Kumar owned 40% of the outstanding shares of stock of PSLV. Dr. Woody owned the remaining 60% of the outstanding shares. Dr. Woody was the president and chairman of PSLV. PSLV was an S corporation during the year at issue.

Dr. Kumar, Dr. Woody, and Dr. David Harter were shareholders of MFRO.[2] Dr. Kumar was an employee, a director, secretary, and treasurer of MFRO. Dr. Woody was president of MFRO.

Disputes Between Dr. Kumar and Dr. Woody

In late 2003 or early 2004 disputes arose among the various shareholders of PSLV, OBV, and MFRO--particularly between Dr. Kumar and Dr. Woody. The disputes resulted in Dr. Kumar's being shut out of PSLV's operation and management. On May 18, 2004, Dr. Kumar and OBV filed a complaint against Dr. Woody and PSLV in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida. Dr. Kumar, among other things, sought court-

---

[2] The record does not provide the percentage of Dr. Kumar's ownership interest in MFRO.

[*4] ordered inspection of corporate records, dissolution of PSLV, and reinstatement of his medical privileges at PSLV.

The lawsuit eventually settled on March 12, 2012. The parties agreed that Dr. Woody would sell his OBV stock to Dr. Kumar and Dr. Kumar would sell/transfer his PSLV stock to PSLV in a total redemption of his interest. The settlement agreement provided that each party would be responsible for his respective tax liability. The settlement agreement also provided that the transactions would close as of December 31, 2011, and as of that date Dr. Kumar would no longer be a shareholder of PSLV and Dr. Woody would no longer be a shareholder of OBV.

PSLV's 2005 Tax Year

PSLV made no distributions to its shareholders during taxable year 2005. PSLV paid wages to Dr. Woody and Dr. Harter during 2005. Dr. Kumar did not receive any wages from PSLV during 2005 or any year thereafter. Dr. Kumar did not take part in the operation or management of PSLV during 2005 or any year since, and he was prevented from doing so by Dr. Woody, who shut him out of PSLV's operation and management.

PSLV issued a Schedule K-1, Shareholder's Share of Income, Deductions, Credits, etc., to Dr. Kumar for taxable year 2005, reporting Dr. Kumar's share of

[*5] PSLV's ordinary business income as $215,920 and his share of PSLV's interest income as $2,344. Petitioners listed PSLV as an S corporation in which they held an interest on the Schedule E, Supplemental Income and Loss, attached to their 2005 Form 1040, U.S. Individual Income Tax Return, but did not report on the Schedule E any of the income reported on Dr. Kumar's Schedule K-1.

## Discussion

The Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue.

An S corporation is not subject to Federal income tax at the entity level. Sec. 1363(a); see also Taproot Admin. Servs., Inc. v. Commissioner, 133 T.C. 202, 204 (2009), aff'd, 679 F.3d 1109 (9th Cir. 2012). Instead, an S corporation's items of income, gain, loss, deduction, and credit--whether or not distributed--flow through to the shareholders, who must report their pro rata shares of such items on their individual income tax returns for the shareholder taxable year within which the S corporation's taxable year ends. Sec. 1366(a); Mourad v. Commissioner,

**[*6]** 121 T.C. 1, 3 (2003), <u>aff'd</u>, 387 F.3d 27 (1st Cir. 2004); <u>see also, e.g.</u>, <u>Dunne v. Commissioner</u>, T.C. Memo. 2008-63; sec. 1.1366-1(a), Income Tax Regs.

Petitioners argue that they are not liable for tax on PSLV's income because Dr. Kumar was not the beneficial owner of his PSLV shares in 2005. When the record owner of S corporation stock holds that stock for the benefit of another, such as a nominee, an agent, or a passthrough entity, then income, losses, deductions, and credits of the corporation are passed through not to the record owner but to the beneficial owner of the stock. Sec. 1.1361-1(e), Income Tax Regs. A taxpayer is the beneficial owner of property if the taxpayer controls the property or has the economic benefit of ownership of the property. <u>Anderson v. Commissioner</u>, 164 F.2d 870 (7th Cir. 1947), <u>aff'g</u> 5 T.C. 443 (1945). We have previously noted that cases applying the beneficial ownership test involve an arrangement between parties who had some agreement or understanding regarding their relationship with each other. <u>See</u> <u>Hightower v. Commissioner</u>, T.C. Memo. 2005-274, slip op. at 21 n.12 (citing Lorence L. Bravenec, Federal Taxation of S Corporations and Shareholders 7-12 to 7-13 (2d ed. 1988), as showing examples of when beneficial ownership test is applied: creditor vs. debtor; nominal shareholder vs. creditor; donor vs. donee; estate vs. heir; entity vs. shareholder;

**[\*7]** buyer vs. seller; subscriber, redeeming shareholder, or director vs. corporation), aff'd, 266 Fed. Appx. 646 (9th Cir. 2008).

Petitioners contend that Dr. Kumar was not the beneficial owner of the PSLV stock in 2005, and no PSLV income passed through to him, because he was improperly excluded from the benefits of ownership of that stock.  However, petitioners have not cited any cases, nor are we aware of any, where one shareholder was able to take beneficial ownership of stock away from another shareholder absent an agreement between the two shareholders or a provision in the corporation's governing articles to that effect.  On the contrary, we have held that when one shareholder merely interferes with another shareholder's participation in the corporation as a result of a poor relationship between the shareholders, such interference does not amount to a deprivation of the economic benefit of the shares.  Id., slip op. at 20-21.

Thus, Dr. Kumar retained the beneficial ownership of the PSLV shares. There was no agreement giving Dr. Woody any rights to Dr. Kumar's stock during the year at issue, and Dr. Woody's interference with Dr. Kumar's participation in PSLV did not deprive Dr. Kumar of the economic benefit of his PSLV shares. Thus, we conclude that the beneficial ownership test does not relieve Dr. Kumar

**[*8]** from passthrough of PSLV profits and petitioners must report $215,920 of income and $2,344 of interest income from PSLV.

To reflect the foregoing and respondent's concession,

<u>An appropriate decision</u>

<u>will be entered</u>.